**Norman R. PICKERING and Caroline W. Pickering, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 79–1711.

United States Court of Appeals, Sixth Circuit.

April 30, 1981.

Alan C. Housholder, Housholder & Housholder, Nashville, Tenn., for petitioners-appellants.

M. Carr Ferguson, Gilbert E. Andrews, Asst. Attys. Gen., Tax Div., U. S. Dept. of Justice, Lester Stein, Acting Chief Counsel, Internal Revenue Service, Gary R. Allen, Libero Marinelli, Jr., Tax Div., Dept. of Justice, Washington, D. C., for respondent-appellee.

Before KEITH and JONES, Circuit Judges, and ENSLEN, District Judge.*

## ORDER

Norman and Caroline Pickering appeal from the tax court's judgment determining deficiencies in federal income taxes for the years 1972 and 1973 in the total amount of $10,985.75. The sole issue on appeal is whether the tax court's findings of fact in support of its decision that the Pickerings were *not* engaged in farming activity with the primary objective of making a profit are clearly erroneous.

It is well settled that the Pickerings have the burden of proof to establish that their intent and purpose in farming was to make a profit. *Dunn v. Commissioner*, 70 T.C. 715 (1978). The Internal Revenue Service

has promulgated the following guidelines to aid in the determination of a taxpayer's intent: (1) the manner in which the activity was conducted; (2) the expertise of the taxpayer or his advisors; (3) the time and effort expended on the activity; (4) the expectation of related asset appreciation; (5) the success of the taxpayer in similar or dissimilar activities; (6) the history of income or loss of the activity; (7) the amount of profits, if any, which are earned; (8) the financial status of the taxpayer; and (9) the presence of elements of personal pleasure or recreation. § 1–183–2(b). Income Tax Regs.

Upon review of the entire record and careful consideration of the parties' arguments, we hold that the findings of fact to support the tax court's decision and order are not clearly erroneous.

Accordingly, the judgment of the tax court is AFFIRMED.