880 F.2d 414
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Herbert JENKINS; Bertha Jenkins, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 88-2256.
 United States Court of Appeals, Sixth Circuit.
 July 31, 1989.
 
 Before MERRITT and DAVID A. NELSON, Circuit Judges and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Herbert and Bertha Jenkins appeal from the Tax Court's decisions in favor of the Commissioner in these tax deficiency cases. 26 U.S.C. Sec. 6213(a). The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App. P. 34(a).
 
 
 2
 Herbert and Bertha Jenkins are married and file joint returns. Herbert Jenkins operated a bookkeeping business before being employed by the Internal Revenue Service. Upon being hired by the Service, he turned his bookkeeping business over to Bertha Jenkins. She operated the service at a profit for four out of five years from 1970 to 1974. From 1975 until 1982, the business lost money every year.
 
 
 3
 In 1979, Bertha Jenkins began part-time work. From 1980 through 1982, she was employed full-time and turned the bulk of the bookkeeping business over to her two teenaged daughters. The Commissioner disallowed the deductions for the years from 1979 to 1982 because Bertha Jenkins lacked a profit motive and operated the business solely for the purpose of obtaining deductions.
 
 
 4
 Herbert and Bertha Jenkins contested the deficiencies. After a trial, the Tax Court judge held that Bertha lacked the necessary profit motive and upheld the assessments.
 
 
 5
 On appeal, the Commissioner argues that this court lacks jurisdiction over Bertha Jenkins' appeal because she did not sign the notice of appeal. We conclude that the Commissioner's argument is correct. See Fed.R.App.P. 3(c); Torres v. Oakland Scavenger Co., 108 S.Ct. 2405, 2407 (1988); Church v. Commissioner, 810 F.2d 19, 19-20 (2d Cir.1987) (per curiam); Carter v. Commissioner, 784 F.2d 1006, 1008 (9th Cir.1986); Knoblauch v. Commissioner, 749 F.2d 200, 201 n. 1 (5th Cir.1984). This holding does not work a hardship upon Bertha Jenkins because of our conclusion that the appeal itself lacks merit.
 
 
 6
 The controlling statute in this case is 26 U.S.C. Sec. 183(a), which disallows deductions attributable to an activity not engaged in for profit. Whether an activity is operated for profit is determined, for income tax purposes, from the primary or dominant purpose of the taxpayer. Godfrey v. Commissioner, 335 F.2d 82, 84 (6th Cir.1964), cert. denied, 379 U.S. 966 (1965). This issue is a question of fact. Godfrey, 335 F.2d at 84. Many factual considerations enter into the decision on this issue. See Pickering v. Commissioner, 652 F.2d 616, 617 (6th Cir.1981) (order). This court reviews the Tax Court's findings under a clearly erroneous standard of review. Commissioner v. Duberstein, 363 U.S. 278, 290-91 (1960).
 
 
 7
 The main argument of the taxpayers is that the Commissioner found their unprofessional method of operation and the relative inexperience of Bertha Jenkins to be adequate as long as the business made a profit. However, as soon as the business failed to make a profit, these elements worked against the taxpayers.
 
 
 8
 Even if this court adopts the Jenkins' position on these two issues, two other facts clearly show that the taxpayers had abandoned any intent to make a profit in the bookkeeping business by 1979. First, Bertha Jenkins was employed part-time beginning in 1979 and full-time from 1980 to 1982. Clearly, she intended her main source of profit to come from outside of the bookkeeping business. Moreover, Bertha Jenkins turned the main work involved in the business over to her teenaged daughters. Giving totally inexperienced persons charge over a business shows a clear lack of intent to make a profit. Therefore, the Tax Court's findings of fact are not clearly erroneous. The Tax Court's conclusions also support the imposition of the penalties sought by the Commissioner.
 
 
 9
 The appeal of Bertha Jenkins is dismissed for lack of jurisdiction under Rule 9(b)(1), Rules of the Sixth Circuit. The decisions of the Tax Court are affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.