T.C. Memo. 1996-98


UNITED STATES TAX COURT


RAYMOND ALBERT MOOREFIELD, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 17379-94.          Filed March 5, 1996.


Raymond Albert Moorefield, pro se.

Maria A. Murphy and Michael Salama, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, Judge:  Respondent determined a deficiency of $310,670 in petitioner's Federal income tax for 1988 and additions to tax of $77,667 under section 6651(a)(1) and $15,749 under section 6653(a)(1).  The issues for decision are whether funds received by petitioner in 1988 constituted taxable income and whether petitioner is liable for the additions to tax

determined by respondent. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in California at the time that he filed his petition.

On or about April 24, 1969, petitioner entered into a contract with Charles Wright (Wright). The contract granted petitioner an option to purchase a parcel of real property owned by Wright. In 1979, Wright was declared legally incompetent. On or about April 21, 1980, petitioner, as one of several plaintiffs, commenced a lawsuit in the Superior Court of the State of California for the County of Los Angeles (the Superior Court) against Wright entitled R.E. Vine Development, Inc., et al. v. Charles W. Wright, et al. (Vine Development--suit No. 1). The causes of action that were the subject of the suit included specific performance, breach of contract, interference with contract, quiet title, and declaratory relief. On October 5, 1984, a judgment in favor of petitioner in the amount of $1,613,450.14 was entered. That judgment was thereafter appealed.

On December 10, 1984, and January 7, 1985, petitioner filed a Complaint for Damages and an Amendment to Complaint, respectively, in the Superior Court entitled <u>Raymond A. Moorefield v. Charles W. Wright, et al.</u> (<u>Moorefield v. Wright</u>-- suit No. 2).  On or about December 4, 1985, petitioner filed another complaint against Wright in the Superior Court entitled <u>Raymond A. Moorefield v. Charles W. Wright, et al.</u> (<u>Moorefield v. Wright</u>--suit No. 3).  The causes of action in <u>Moorefield v. Wright</u>--suit No. 3 included anticipatory breach of contracts and agreements, breach of trust, breach of trust with fraudulent intentions, interference with contracts and agreements, conspiracy, quiet title, specific performance, and declaratory relief.

On January 8, 1988, a Settlement Agreement and General Release was filed in <u>Moorefield v. Wright</u>--suit No. 3 (the settlement agreement).  The settlement agreement provided for disposition of the three previously filed lawsuits in which petitioner was a plaintiff against Wright and a release of all claims.  The settlement agreement further provided that Wright would pay to petitioner the sum of $1,100,000.

On April 8, 1988, Wright paid petitioner the sum of $1,055,000.  Approximately $750,000 of this amount was paid to petitioner's children pursuant to assignments executed by petitioner in 1985.  The additional amount of $45,000 was sent to

petitioner, but he returned it to Wright's attorney, refusing to accept it.  Thereafter, Wright's attorney filed an interpleader action with respect to the $45,000 and deposited it with the Clerk of the Superior Court.  The interpleader action was subsequently dismissed, and the $45,000 was tendered to petitioner.

Subsequent to his receipt of $1,055,000, petitioner claimed that Wright and others had breached the settlement agreement. Petitioner commenced further litigation that continued through the time of trial of this case in January 1996.  Petitioner refused to accept the $45,000 from the Superior Court because he believed that it would compromise his position that a valid settlement agreement had not been entered into.

Petitioner did not file a tax return for 1988 until December 29, 1993, after he was contacted by the Internal Revenue Service.

## OPINION

Petitioner contends that, because his ongoing litigation with Wright has not been resolved, it would be premature to tax him on the proceeds that he actually received in 1988 from Wright.  Alternatively, petitioner contends that the proceeds were not pursuant to a settlement agreement entered into in 1988 but were paid on account of a tentative decision of the Superior Court in 1984.  Neither theory, however, makes the funds actually

received by him in 1988 nontaxable in that year or excuses his failure to file a return and report those proceeds for that year.

Section 61(a) states:  "Except as otherwise provided in this subtitle, gross income means all income from whatever source derived".  The Supreme Court has repeatedly emphasized the "sweeping scope" of section 61(a) and its statutory predecessors. See Commissioner v. Schleier, 515 U.S. ___, 115 S. Ct. 2159, 2163 (1995); Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 429 (1955).  In Schleier, the Supreme Court stated:  "We have also emphasized the corollary to section 61(a)'s broad construction, namely the ‹default rule of statutory interpretation that exclusions from income must be narrowly construed.'" Commissioner v. Schleier, 515 U.S. at ___ (quoting United States v. Burke, 504 U.S. 229, 248 (1992) (Souter, J., concurring in judgment)).  Petitioner has not, in this case, identified any specific ground that entitles him to exclude the funds he received from taxable income.  Petitioner's position is based primarily on the ongoing litigation and secondarily on the misplaced argument that the payments he received in 1988 were somehow attributable to an earlier year.

Whether they were paid as a result of the 1984 ruling of the Superior Court or the 1988 settlement agreement, the proceeds received by petitioner were undoubtedly received by him in 1988 pursuant to a "claim of right" against Wright.  Where, as here, a

taxpayer receives money under a claim of right and without restriction as to its disposition, he has received taxable income in the year of receipt, even if he is under a contingent obligation to return it.  See N. Am. Oil Consol. v. Burnet, 286 U.S. 417, 424 (1932); Nordberg v. Commissioner, 79 T.C. 655, 664-665 (1982), affd. without published opinion 720 F.2d 658 (1st Cir. 1983); Hope v. Commissioner, 55 T.C. 1020, 1030 (1971), affd. 471 F.2d 738 (3d Cir. 1973).  The taxpayer cannot postpone reporting of the income until a final determination is made concerning his entitlement to the disputed amounts.  Estate of Etoll v. Commissioner, 79 T.C. 676, 679 (1982).

To avoid the application of the claim of right doctrine, petitioner must at least have recognized in the year of receipt "an existing and fixed obligation to repay the amount received" and made provision for repayment.  Nordberg v. Commissioner, supra at 665 (quoting Hope v. Commissioner, 55 T.C. at 1030). Here, petitioner has never, so far as the record reflects, recognized an obligation to repay the amounts that he received in 1988.  Apparently, he merely wishes to retain the right to claim that he is entitled to more money from Wright.

Petitioner did return and thereafter refused to accept $45,000 of the proceeds that he was entitled to under the settlement agreement.  He apparently did so for strategic reasons, however, and not because he recognized an obligation to

repay that amount.  He simply was trying to protect his litigating position.  Because he had control over those funds in 1988, the $45,000 must also be included in his income for that year.

Petitioner asserts that the funds that were assigned to his children were to compensate them for the loss of their father during the years in which he was engaged in litigation with Wright.  Petitioner's anticipatory assignment of the proceeds to his children, however, cannot avoid tax otherwise due on amounts paid on account of his claim against Wright.  See, e.g., Lucas v. Earl, 281 U.S. 111 (1930); Doyle v. Commissioner, 147 F.2d 769 (4th Cir. 1945).

Petitioner conceded at trial that he did not consult with any tax adviser with respect to his obligation to report the funds that he received in 1988 on a timely filed return for that year.  He has not established reasonable cause for his failure to file a return.  Similarly, he has not proven that his failure to file the return and report the proceeds as income is not due to negligence.  The additions to tax determined by respondent, therefore, must be sustained.

We have considered petitioner's other claims and contentions, and they do not affect our disposition of the issues in this case.

Decision will be entered

for respondent.