T.C. Memo. 2000-14


UNITED STATES TAX COURT


PHILIP E. LUCAS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 195-99.                    Filed January 13, 2000.


Philip E. Lucas, pro se.

Diane L. Worland, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


ARMEN, Special Trial Judge:  Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1995 in the amount of $3,333, as well as an addition to tax under section 6651(a)(1) for failure to file a timely return in

the amount of $833.[1]  After a concession by respondent,[2] the issues for decision are as follows:

(1) Whether petitioner is liable for income tax on his wages.[3]  We hold that he is.

(2) Whether petitioner is liable for the addition to tax for failure to file a timely return.  We hold that he is.

### FINDINGS OF FACT

Some of the facts have been stipulated, and they are so found.  Petitioner resided in Indianapolis, Indiana, at the time that his petition was filed with the Court.

---

[1]  All section references are to the Internal Revenue Code in effect for the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  All amounts are rounded to the nearest dollar.

[2]  Respondent concedes that during the year in issue petitioner was not an independent contractor as determined in the notice of deficiency and, consequently, that he is not liable for self-employment tax on his income.  As a result, petitioner is not entitled to the mechanical adjustment for one half of the self-employment tax allowed in the notice of deficiency.  See sec. 164(f).

[3]  Although petitioner has not expressly raised the issue, he appears to contend that he is not liable for any taxes, including Social Security and Medicare taxes, for 1995.  We note that this Court has no jurisdiction to decide whether petitioner is liable for Social Security and Medicare taxes in respect of his income.  Congress has only given this Court authority to decide disputes with respect to certain types of taxes, the most notable example of which is the income tax.  See sec. 7442; Judd v. Commissioner, 74 T.C. 651, 653 (1980); Griffin v. Commissioner, T.C. Memo. 1995-246; see also Wilt v. Commissioner, 60 T.C. 977, 978 (1973).

Petitioner performed services for a subcontractor, N & M Custom Framing (N & M), during 1994 and 1995. Initially, during a portion of 1994, N & M treated petitioner as an employee and withheld income and Social Security or Medicare taxes from his wages. However for the entire year 1995, N & M treated petitioner as an independent contractor and did not withhold any Federal income tax or other employment-related taxes from his wages. For 1995, N & M issued petitioner a Form 1099 Miscellaneous, rather than a Form W-2, reflecting $20,373 of income.

Petitioner did not file a Federal income tax return for the year in issue. By notice of deficiency, respondent determined that petitioner received self-employment income in the amount of $20,373 and that he was liable for Federal income tax, as well as self-employment tax. Respondent now concedes that petitioner was an employee for the year in issue and is not liable for self-employment tax. Respondent also determined that petitioner was liable for an addition to tax under section 6651(a)(1) for failure to timely file a return.

OPINION

A. Liability for Income Tax

Petitioner contends that he is not liable for income tax for the year in issue because his employer failed to withhold any income tax from his wages. He asserts that his employer is the

party liable for such taxes.  He relies on IRS Publication 15 (Pub 15), known as "Circular E, Employer's Tax Guide":

> You [meaning the employer] will be liable for Social Security and Medicare taxes and withheld income tax if you do not deduct and withhold them because you treat an employee as a nonemployee.  See Internal Revenue Code section 3509 for details.

Because IRS publications are not authoritative sources of Federal tax law, see Zimmerman v. Commissioner, 71 T.C. 367, 371 (1978), affd. without published opinion 614 F.2d 1294 (2d Cir. 1979); Green v. Commissioner, 59 T.C. 456, 458 (1972), we must necessarily consult section 3509.  Indeed, Pub 15 itself directs the reader to consult that section "for details".

Section 3509 provides, as a general rule, that an employer who fails to withhold income tax from an employee's wages by reason of treating such employee as not being an employee for withholding purposes shall be liable for income tax as if the amount required to be withheld were equal to 1.5 percent of the wages paid to such employee.  However, section 3509(d)(1) specifically provides that the employee's liability for income tax shall not be affected by the assessment or collection of any tax determined against the employer under section 3509.  In other words, the employee remains fully liable for income tax arising from the receipt of gross wages.  See Navarro v. United States, 72 AFTR 2d 93-5424 (W.D. Tex. 1993); see also Stewart v. United States, 55 AFTR 2d 85-506, 84-2 USTC par. 9962 (E.D. Wis. 1984).

Therefore, even though N & M misclassified petitioner as an independent contractor, petitioner is liable for income tax for the year in issue.  Cf. Grooms v. Commissioner, T.C. Memo. 1992-291.

It is unfortunate that N & M did not ask petitioner to complete a Form W-4 for the year in issue and did not withhold income tax from petitioner's wages.  If it had done so, there might not have been any deficiency in income tax in respect of such wages.  However, N & M never withheld, and petitioner was paid his gross wages without any reduction for withheld income tax.  As a consequence, there is a deficiency in income tax for which petitioner is liable.  We therefore hold for respondent on this issue.

B.  Addition to Tax for Failure To File Timely

Section 6651(a)(1) provides for a 5 percent per month addition to tax, not to exceed 25 percent, if a taxpayer fails to file timely a Federal income tax return, unless such failure is due to reasonable cause and not due to willful neglect.  The taxpayer has the burden of proving that the Commissioner's determination of the addition to tax is erroneous.  See BJR Corp. v. Commissioner, 67 T.C. 111, 131 (1976); Bebb v. Commissioner, 36 T.C. 170 (1961); cf. sec. 7491, effective for court proceedings arising in connection with examinations commencing after July 22, 1998.

Respondent determined that petitioner is liable for an addition to tax under section 6651(a)(1) for failure to timely file his 1995 return. Petitioner asserts that he did not file a return for 1995 because he received a Form 1099 rather than a Form W-2 from his employer. He claims that given the misclassification of his employment status by his employer, he did not want to file a return as a self-employed individual.

Misclassification of an employee, however, does not relieve the employee of his liability for filing a correct tax return. See Grooms v. Commissioner, supra; Baasch v. United States, 742 F. Supp. 65 (E.D.N.Y. 1990), affd. without published opinion 930 F.2d 911 (2d Cir. 1991). There is no indication that petitioner sought the advice of a tax adviser who would have informed him that he was required to file a return under these circumstances. Cf. Moorefield v. Commissioner, T.C. Memo. 1996-98, affd. on other issues without published opinion 133 F.3d 928 (9th Cir. 1997). Petitioner therefore did not have reasonable cause for failing to file a return for 1995 and is liable for the addition to tax under section 6651(a)(1).

To reflect our disposition of the disputed issues, as well as respondent's concession,

Decision will be entered

under Rule 155.
