T.C. Summary Opinion 2005-157


UNITED STATES TAX COURT


WILLIAM H. MANSEL, JR. AND ANGELA W. MANSEL, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 286-04S.                    Filed October 31, 2005.


William H. Mansel, Jr., pro se.

<u>Horace Crump</u>, for respondent.


COUVILLION, <u>Special Trial Judge</u>:  This case was heard
pursuant to section 7463 of the Internal Revenue Code in effect
at the time the petition was filed.[1]  The decision to be entered

---

[1]Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the year at issue,
and all Rule references are to the Tax Court Rules of Practice
and Procedure.

is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $5,051 in petitioners' Federal income tax and the accuracy-related penalty under section 6662(a) in the amount of $1,010 for 2001.

After concessions by respondent, the issues for decision are: (1) Whether William H. Mansel, Jr. (petitioner) realized income in the receipt of $13,500 in commission payments from an automobile dealership during 2001, and (2) whether petitioners are liable for the accuracy-related penalty under section 6662(a).[2]

Some of the facts were stipulated. Those facts, with the annexed exhibits, are so found and are made a part hereof. Petitioners' legal residence at the time the petition was filed was Pelham, Alabama.

Petitioner was an office finance manager for a car dealership located at Prattville, Alabama. His income from that activity consisted of commissions from sales of motor vehicles based on a percentage of what he referred to as "front-end profits" and a percentage of what he also referred to as "back-

---

[2]At trial, respondent conceded two adjustments in the notice of deficiency: A $1,028 income determination for the refund of State income taxes and a $704 interest income adjustment from Arcadia, a financial institution. Another concession was made by respondent during the trial relating to the commissions, and that concession is addressed in the consideration of that issue.

end profits". He described the "back-end profits" as relating to purchases by car owners of extended warranties, credit life insurance, and "gap" insurance (the nature of which was not described). Petitioner also advertised in newspapers for his services in obtaining approvals for car loans.

The principal issue in this case is with regard to $13,500 in commissions paid to petitioner by the car dealer, Victory Motors, during 2001. Petitioner's engagement with that dealership was for about 2 months that year. In that time period, petitioner received $13,500 in commission payments from Victory Motors. For some time, petitioner had encountered difficulties in having his earned commissions paid to him, and, after approximately 2 months in 2001, petitioner terminated his relationship with Victory Motors and went to work for another automobile dealer. At the time he left, petitioner had received a total of $13,500 in commissions from Victory Motors. No further commissions were paid by Victory Motors to petitioner.

On their joint Federal income tax return for 2001, petitioners did not include or report as income the $13,500 in commissions petitioner received that year. In the notice of deficiency, respondent determined that the commissions constituted gross income. Respondent also determined that these commissions represented self-employment income, and the deficiency included $362 as self-employment taxes under section

1401. Victory Motors also considered the $13,500 in commissions as self-employment income and issued to petitioner Form 1099-MISC, Miscellaneous Income. No Federal income taxes or self-employment taxes were withheld by Victory Motors.

At trial, respondent conceded that petitioner was not self-employed but rather was an employee of Victory Motors, a position contrary to the determination in the notice of deficiency and also contrary to how petitioner and Victory Motors viewed their relationship. Respondent's position at trial was that petitioner was an employee of Victory Motors, and, as such, the payments constituted wage or salary income. Respondent did not move to assert an increased deficiency to account for FICA taxes on the payments petitioner received and conceded that the limitations period barred respondent from making an assessment for such taxes.

Petitioner contends that the payments of $13,500 he received did not constitute income and were merely advances he received from Victory Motors, subject to adjustment at some point when he and the management at Victory Motors would meet and finally settle or close the arrangement. Thus, petitioner contends the $13,500 he received in 2001 was merely an advance and was not income. However, no evidence was offered to establish that petitioner and Victory Motors were contemplating any meeting to settle petitioner's arrangement. At the time of trial, more than

4 years had passed since petitioner left Victory Motors. The Court has not been persuaded that the relationship between petitioner and Victory Motors continued to exist beyond 2001. The Court, accordingly, concludes that, at the time petitioner left Victory Motors in approximately March 2001, both he and Victory Motors considered the arrangement concluded, and, accordingly, both parties considered the $13,500 as compensation for petitioner's services that year. The $13,500, therefore, constitutes gross income and was includable in petitioner's income for 2001.

Petitioner also contends that Victory Motors withheld income taxes on his commissions, and those withholdings were never remitted to the IRS. The Court rejects that argument. The Form 1099-MISC offered into evidence does not show any income taxes withheld. Moreover, copies of the checks for the payments to petitioner were offered in evidence, and those checks total precisely $13,500. There are no notational references on the checks of income tax withholdings. This Court noted in Anderson v. Commissioner, T.C. Memo. 2003-112, that, whether the taxpayer was self-employed or an employee, "the fact remains that nothing was withheld from what they paid him", and held that the gross amounts received by the taxpayer were subject to tax in their entirety, with no credit for withholdings. Section 3509(d)(1) specifically provides that the employee's liability for income

tax shall not be affected by the assessment or collection of any tax determined against the employer under section 3509. To quote Lucas v. Commissioner, T.C. Memo. 2000-14: "In other words, the employee remains fully liable for income tax arising from the receipt of gross wages. * * * Therefore, even though N&M misclassified petitioner as an independent contractor, petitioner is liable for income tax for the year in issue." The Court, therefore, rejects petitioner's argument. The Court further notes that, even if Federal income taxes were withheld but never remitted, petitioner would not be relieved of the obligation to pay Federal income taxes on the payments to him.

The final issue is whether petitioner is liable for the accuracy-related penalty under section 6662(a) for negligence or disregard of rules or regulations for the year 2001. Section 6662(a) provides that, if it is applicable to any portion of an underpayment in taxes, there shall be added to the tax an amount equal to 20 percent of the portion of the underpayment to which section 6662 applies. Section 6662(b)(1) provides that section 6662 shall apply to any underpayment attributable to negligence or disregard of rules or regulations.

Section 6662(c) provides that the term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue laws, and the term "disregard" includes any careless, reckless, or intentional disregard of

rules or regulations. Negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. See Neely v. Commissioner, 85 T.C. 934, 947 (1985). Under section 6664(c), no penalty shall be imposed under section 6662(a) with respect to any portion of an underpayment if it is shown that there was a reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion. The determination of whether a taxpayer acted with reasonable cause and in good faith depends upon the facts and circumstances of each particular case. See sec. 1.6664-4(b)(1), Income Tax Regs. Relevant factors include the taxpayer's efforts to assess his or her proper tax liability, the knowledge and experience of the taxpayer, and reliance on the advice of a professional, such as an accountant. See Drummond v. Commissioner, T.C. Memo. 1997-71, affd. in part and revd. in part without published opinion 155 F.3d 558 (4th Cir. 1998). However, the most important factor is the extent of the taxpayer's effort to determine the taxpayer's proper tax liability. See sec. 1.6664-4(b)(1), Income Tax Regs. An honest misunderstanding of fact or law that is reasonable in light of the experience, knowledge, and education of the taxpayer may indicate reasonable cause and good faith. See Remy v. Commissioner, T.C. Memo. 1997-72.

Petitioner contends that he continuously experienced difficulties in getting paid for his services for Victory Motors. He argued that the Form 1099-MISC was "bogus". These and other factors undoubtedly prompted petitioner to terminate his relationship with that dealer. The Court is satisfied from petitioner's testimony that, when he left Victory Motors, he considered the $13,500 in payments as final, and that no other payments would be forthcoming. It is only reasonable to conclude that, at the close of 2001, petitioner would receive no additional payments from Victory Motors, and no attempts, legal or otherwise, were pursued by him to resume his employment with that dealer or to collect what he considered to be owing to him. For all practical purposes, petitioner did not consider the relationship with Victory Motors as continuing, nor did he have any reasonable expectation that further payments would be forthcoming. Moreover, petitioner knew these payments constituted income and also knew that no income taxes had been withheld on these payments. Therefore, imposition of the section 6662(a) penalty in this case is justified, and, therefore, respondent is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

<u>under Rule 155.</u>