T.C. Memo. 2007-128

UNITED STATES TAX COURT

NATALIA RAVELO ESCANDON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13429-05.                    Filed May 21, 2007.

Natalia Ravelo Escandon, pro se.

<u>Justin L. Campolieta</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined a deficiency of
$1,868 in petitioner's Federal income tax, as well as additions
to tax of $415.58 under section 6651(a)(1) and $83.12 under
section 6651(a)(2) for 2003.[1]  After concessions, the issues for

_____

    [1]  Unless otherwise indicated, all section references are to
                                              (continued...)

decision are: (1) Whether petitioner is liable for income tax on her wages and unemployment benefits; (2) whether petitioner is liable for the addition to tax of section 6651(a)(1); and (3) whether petitioner is liable for the addition to tax of section 6651(a)(2).

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. Petitioner resided in Miami, Florida, when she filed her petition.

During 2003, petitioner worked as a seamstress for Mimi Enterprises, Inc. (Mimi's), a retail bridal gown shop. Mimi's paid petitioner $11,210 for her work there during 2003. During 2003, Mimi's classified petitioner as an independent contractor and did not withhold income or employment taxes from its payments to petitioner. Petitioner also received unemployment compensation in the amount of $208 from the Florida Agency for Workforce Innovation (FAWI) in 2003.

Petitioner did not file a Federal income tax return for 2003, and petitioner's only payment toward her income tax liability was the $21 that FAWI withheld from her unemployment compensation. On or about January 14, 2005, respondent filed a

---

[1](...continued)
the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

substitute for return (SFR) with regard to petitioner's 2003 taxes.

In a notice of deficiency dated April 26, 2005, respondent determined that petitioner received self-employment income in the amount of $11,210 as well as unemployment compensation of $208. The attached Form 4549, Income Tax Examination Changes, reveals that respondent allowed petitioner a standard deduction, one personal exemption, and a deduction for one-half of the self-employment tax assessed. Respondent determined that petitioner was liable for Federal income tax, self-employment tax, and additions to tax in the amounts delineated supra.

The parties now agree that petitioner was an employee of Mimi's during 2003, and respondent concedes that petitioner is not liable for self-employment tax for 2003.

OPINION

I. Deficiency

Petitioner contends that she is not liable for income taxes for 2003 because Mimi's failed to withhold taxes from her wages during 2003.[2] According to petitioner, Mimi's is solely liable for petitioner's taxes for 2003. In support of her contentions, petitioner relies on sections 5041(a) and 3509.

_____

[2] Petitioner has neither claimed nor shown that she satisfied the requirements of sec. 7491(a) to shift the burden of proof to respondent with regard to any factual issue affecting her liability for tax. Accordingly, petitioner bears the burden of proof. Rule 142(a).

Section 5041(a) imposes a gallonage tax on wines and does not relate to income taxes. The gallonage tax of section 5041(a) is an alcohol excise tax under subtitle E of the Internal Revenue Code and not an income tax under subtitle A. Section 5041(a) is therefore wholly irrelevant to the determination of petitioner's income tax liability.

Section 3509 provides, as a general rule, that an employer who fails to withhold income tax from an employee's wages by reason of treating such employee as not being an employee for withholding purposes shall be liable for income tax as if the amount required to be withheld were equal to 1.5 percent of the wages paid to such employee.[3] Sec. 3509(a)(1). However, section 3509(d)(1) provides that the employee's liability for tax shall not be affected by the assessment or collection of any additional income tax determined to be owing from the employer. Sec. 3509(d)(1)(A). Therefore, Mimi's classification of petitioner as an independent contractor during 2003 cannot discharge or reduce petitioner's obligation to pay taxes on the wage income she received from Mimi's during 2003. See, e.g., Lucas v. Commissioner, T.C. Memo. 2000-14; Grooms v. Commissioner, T.C. Memo. 1992-291.

---

[3] Under such circumstances, the employer is also liable for 20 percent of the employee Social Security tax that would have been imposed if the employer had properly classified the taxpayer as an employee. Sec. 3509(a)(2).

Because respondent has conceded that petitioner is not liable for self-employment tax on her 2003 income, petitioner is not entitled to the deduction provided for in section 164(f), which allows an individual taxpayer to deduct one-half of his or her self-employment tax liability from his or her taxable income. Finally, we note that gross income includes unemployment compensation. Sec. 85(a).

As we have noted in other cases, it is unfortunate that petitioner's employer classified her as an independent contractor and not as an employee. Had petitioner been classified as an employee, it is possible that Mimi's would have withheld the proper amounts of tax from petitioner's wages, and a deficiency in petitioner's taxes might not have occurred. See, e.g., Lucas v. Commissioner, supra. But that does not alter the fact that the first principle of income taxation is that "income must be taxed to him who earns it". Commissioner v. Culbertson, 337 U.S. 733, 739-740 (1949) (and cases cited therein).

Petitioner was paid her wages without any reduction for withheld income tax, and petitioner has not yet fully paid the tax liability on her income for 2003. We therefore hold that petitioner is liable for the deficiency in the amount respondent has determined, appropriately adjusted to incorporate respondent's above-mentioned concession.

## II. Additions to Tax

### A. Burdens of Proof and Production

Section 7491(c) provides that the Commissioner shall bear the burden of production with respect to the liability of any individual for additions to tax.  To meet this burden of production, the Commissioner must come forward with sufficient evidence indicating that it is appropriate to impose this addition to tax.  Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  Once the Commissioner meets this burden of production, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect.  Rule 142(a); see Higbee v. Commissioner, supra.

With respect to the section 6651(a)(2) addition to tax, respondent must introduce evidence that the tax was shown on a Federal income tax return to satisfy his burden of production under section 7491(c).  Cabirac v. Commissioner, 120 T.C. 163 (2003).  When a taxpayer has not filed a return, the section 6651(a)(2) addition to tax may not be imposed unless the Secretary has prepared a substitute for return (SFR) that meets the requirements of section 6020(b).  Wheeler v. Commissioner, 127 T.C. 200 (2006).

At trial, the Court admitted a certified Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, relating to petitioner's 2003 tax year.  The Form 4340

indicates that respondent prepared an SFR on January 14, 2005. The record also includes a Form 13496, IRC Section 6020(b) Certification, pertaining to petitioner's 2003 tax year and dated February 11, 2005. The Court has also admitted a copy of the SFR which indicates that it was filed on January 14, 2005, and which reports the adjustments contained in the notice of deficiency. Statements from FAWI and Mimi's reflecting payments to petitioner in 2003 of $208 and $11,210, respectively are attached to the SFR.

Section 6020(b) provides:

SEC. 6020(b). Execution of Return by Secretary.--

(1) Authority of Secretary to execute return.--If any person fails to make any return required by any internal revenue law or regulation made thereunder at the time prescribed therefor, or makes, willfully or otherwise, a false or fraudulent return, the Secretary shall make such return from his own knowledge and from such information as he can obtain through testimony or otherwise.

(2) Status of returns.--Any return so made and subscribed by the Secretary shall be prima facie good and sufficient for all legal purposes.

The record reveals that respondent generated an SFR for petitioner's 2003 tax year based on statements provided by Mimi's and FAWI. Petitioner concedes that she received the income reported in the SFR and that she has not paid the tax shown on the SFR. The SFR complies with section 6020(b). The SFR therefore constitutes a return for the purposes of the section 6651(a)(2) addition to tax. Sec. 6651(g)(2). Accordingly,

respondent has satisfied his burden of production with regard to the section 6651(a)(2) addition to tax.

B. Section 6651(a)(1)

Respondent determined that petitioner is liable for an addition to tax pursuant to section 6651(a)(1) for 2003. Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (determined with regard to any extension of time for filing), unless the taxpayer can establish that such failure is due to reasonable cause and not due to willful neglect. Petitioner concedes that she did not file a return for 2003, and petitioner has offered no evidence showing that her failure to file was due to reasonable cause and not due to willful neglect. Moreover, misclassification of an employee does not relieve the employee of his liability for filing a correct tax return. See Grooms v. Commissioner, T.C. Memo. 1992-291; Baasch v. United States, 742 F. Supp. 65 (E.D.N.Y. 1990), affd. without published opinion 930 F.2d 911 (2d Cir. 1991). Accordingly, we hold that petitioner is liable for the addition to tax under section 6651(a)(1).

C. Section 6651(a)(2)

Respondent also determined that petitioner is liable for an addition to tax pursuant to section 6651(a)(2) for 2003.

Section 6651(a)(2) provides for an addition to tax where payment of tax shown on a return is not timely unless the

taxpayer can establish that such failure is due to reasonable cause and not due to willful neglect.  Petitioner did not timely pay her taxes for 2003.  Petitioner did not present any evidence indicating that her failure to timely pay her taxes was due to reasonable cause and not due to willful neglect.  Accordingly, we hold that petitioner is liable for the addition to tax under section 6651(a)(2).

To reflect the foregoing,

Decision will be entered under Rule 155.