T.C. Memo. 2008-263

UNITED STATES TAX COURT

MICHAEL NEIL MCWHORTER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1365-07.                    Filed November 24, 2008.

Michael Neil McWhorter, pro se.

John P. Stemwedel, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, Judge:  Respondent determined a deficiency of $44,941
in petitioner's Federal income tax for 2002 and additions to tax
under sections 6651(a)(1) and (2) and 6654(a).  After
concessions, the issues for decision are whether petitioner
performed services as an employee and whether he is liable for
the additions to tax.  Unless otherwise indicated, all section

references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in Texas at the time that he filed his petition. During 2002 he resided in Arizona.

Commencing in 2001 and ending in 2004, petitioner performed services as a project manager for Boyle Energy Services and Technology, Inc. (Boyle Energy). Boyle Energy hired petitioner because of his knowledge of power plants and specialized knowledge and expertise in industrial pipe fitting. His work for Boyle Energy focused on industrial cleaning of steam piping in power plants as part of the process of recommissioning the plants. Petitioner received no training from Boyle Energy regarding either its procedures or on industrial pipe fitting. Petitioner's training by Boyle Energy was restricted to teaching him the recommissioning process of the company.

Petitioner's work for Boyle Energy was on a project-by-project basis. He had authority to supervise the personnel of Boyle Energy and of client companies. Petitioner did not have any hiring or firing authority over Boyle Energy personnel and had to contact Boyle Energy before removing its personnel from a

job site.  Petitioner had a credit card with the name of Boyle Energy on it and a business card with the company logo on it.

Petitioner invoiced Boyle Energy for services rendered per project.  The invoices and the subsequent payments were at a rate of $500 per day for petitioner's labor during 2002.  Petitioner did not provide Boyle Energy with timesheets.  Boyle Energy paid the amount shown on petitioner's invoices and issued to petitioner a Form 1099-MISC, Miscellaneous Income, for 2002, reporting $126,760 as nonemployee compensation.  Petitioner received a Form 1099 from Boyle Energy for each of the years 2001, 2002, 2003, and 2004.  He never received a Form W-2, Wage and Tax Statement, from Boyle Energy.

Petitioner failed to file a Federal income tax return for 2002.  For that year he received compensation of $126,760 from Boyle Energy, $267.05 of short-term capital gain, and $2 of interest income.  No Federal income tax was withheld from any of the amounts that petitioner received, and he failed to make any payments of estimated taxes during 2002.

The Internal Revenue Service (IRS) prepared a substitute for return under section 6020(b) with respect to petitioner's Federal income tax liability.  In the notice of deficiency, the IRS determined that petitioner was liable for self-employment tax on the income received from Boyle Energy.

- 4 -

OPINION

Petitioner claims that he was an employee of Boyle Energy and not an independent contractor liable for self-employment taxes. He initially claimed that Boyle Energy should be responsible for the income taxes that were not withheld. By the conclusion of the trial, however, he understood that the issues remaining in dispute were his liability for self-employment tax and the additions to tax for failure to file a tax return, failure to pay tax due on a return, and failure to make estimated tax payments.

Respondent contends that petitioner is liable for self-employment tax under sections 1401(a) and 1402. Respondent argues that petitioner was not an employee under the definition set out in section 3121(d). See sec. 1.1402(c)-3(a), Income Tax Regs. Respondent relies on the test set out in Breaux & Daigle, Inc. v. United States, 900 F.2d 49, 51 (5th Cir. 1990) (citing United States v. Silk, 331 U.S. 704, 716 (1947)), and the following factors: (1) Degree of control, (2) opportunities for profit or loss, (3) investment in facilities, (4) permanency of relation, and (5) skill required in the operation in question. The list is not exclusive, and no one factor is controlling. Id.

Respondent argues that the degree of control by Boyle Energy, the lack of permanency in the relationship, and the skill required in petitioner's work supports respondent's contention

that petitioner was an independent contractor during 2002. Respondent concedes that the lack of opportunities for profit or investment in the facilities supports petitioner's contention that he was an employee. Recognizing that this is a close case, respondent argues that the understanding of the parties to the contract should be given weight. See McCormick v. United States, 209 Ct. Cl. 331, 531 F.2d 554, 560 (1976); Herman v. Commissioner, T.C. Memo. 1986-590; Steffens v. Commissioner, T.C. Memo. 1984-592; Bothke v. Commissioner, T.C. Memo. 1980-1; Springfield Prods., Inc. v. Commissioner, T.C. Memo. 1979-23; Harris v. Commissioner, T.C. Memo. 1977-358.

Respondent asserts:

> Petitioner contends that there was an ongoing dispute with Boyle Energy regarding his status. Petitioner acknowledges, however, that he worked under this arrangement from 2001 until he ended the relationship in 2004 for unrelated reasons. If there was a valid dispute as to his status, petitioner essentially acquiesced to Boyle Energy's understanding of his status by continuing to work under this arrangement. And despite the availability of persons aware of his employment status and relationship with Boyle Engineering [sic] over the period in question, such as Mike Boyle and Diane Gagnon, petitioner did not obtain any evidence to corroborate his testimony where it is at variance with documentary evidence.

Of course, respondent also could have called witnesses concerning the nature of the relationship between petitioner and Boyle Energy. Because petitioner's testimony was credible with respect

to his arrangements with Boyle Energy, the absence of corroborating evidence is not determinative.  Cf. <u>Boyd v. Commissioner</u>, 122 T.C. 305, 320 (2004).

Petitioner's acquiescence in Boyle Energy's treatment of him as an independent contractor for tax purposes is troubling.  As discussed below, he has presented no reasonable excuse for his failure to file a return and pay the income tax due.  On the limited record that we have, however, we conclude that petitioner was an employee of Boyle Energy during 2002 and should have been treated as such for tax purposes.

In respondent's pretrial memorandum, respondent referred to section 7491(a) and asserted that petitioner had failed to produce any evidence that he was an employee and not an independent contractor of Boyle Energy.  At trial, however, the nature of petitioner's employment was the subject of his testimony, and his testimony was credible.  In the posttrial brief, respondent does not challenge the credibility of petitioner's testimony and acknowledges that some of the relevant factors favor petitioner.  Respondent does not address section 7491(a)(1) in the posttrial brief.  Thus respondent does not claim that any of the limitations in section 7491(a)(2) prevent application of the general rule that:

SEC. 7491.  BURDEN OF PROOF.

(a)  Burden Shifts Where Taxpayer Produces Credible Evidence.--

> (1) General rule.--If, in any court proceeding, a taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the liability of the taxpayer for any tax imposed by subtitle A or B, the Secretary shall have the burden of proof with respect to such issue.

We conclude that the burden of proof in this case shifted to respondent.

We are not persuaded that the factors relied on by respondent prove that petitioner was an independent contractor with respect to the services that he performed for Boyle Energy. Neither the degree of control exercised by Boyle Energy nor the amount of skill possessed by petitioner distinguishes his situation from that of a supervisory employee. We are not persuaded that a job that continued from 2001 into 2004 can be described as "impermanent". Respondent acknowledges that other factors favor petitioner. On the record that has been made, we conclude that respondent did not carry the burden of proof. Petitioner is not liable for self-employment tax for 2002.

Respondent also had the burden of production with respect to the additions to tax under sections 6651(a) and 6654. See sec. 7491(c). Petitioner stipulated that he failed to file a return for 2002 and that a substitute tax return was prepared under section 6020(b). Respondent introduced evidence that petitioner also failed to file a return for 2001.

Section 6651(a) imposes additions to tax for failure to file a return and failure to pay the amount shown as tax on a return. Petitioner's only explanation of his failure to file a return for 2002 is that he did not want to sign a return saying that he was an independent contractor. He has no reasonable cause, however, for failing to file a return reporting that he received $126,760 in compensation and other amounts of income during 2002. The failure of Boyle Energy to withhold taxes that should have been withheld neither excuses petitioner's failure to file the return and pay the taxes nor relieves him of the additions to tax under section 6651(a). See Escandon v. Commissioner, T.C. Memo. 2007-128; Lucas v. Commissioner, T.C. Memo. 2000-14.

Section 6654 imposes an addition to tax when a taxpayer fails to make a required installment of estimated income tax. Each required installment is equal to 25 percent of the required annual payment. Sec. 6654(d)(1)(A). The required annual payment is the lesser of (1) 90 percent of the tax shown on the return for the taxable year (or, if the taxpayer filed no return, 90 percent of the tax for that year), or (2) 100 percent of the tax shown on the return for the preceding taxable year. Sec. 6654(d)(1)(B). Because petitioner failed to file a return for 2001, his required annual payment for 2002 was 90 percent of the

tax for that year.  Because petitioner failed to pay any Federal income tax for 2002, the section 6654 addition to tax applies to the recomputed deficiency.

The implication of our holding that petitioner was an employee of Boyle Energy for 2002 is that he may be liable for his share of taxes under the Federal Insurance Contributions Act, section 3101(a) and (b).  That determination, however, is not within our jurisdiction in this case.  See <u>Lucas v. Commissioner</u>, <u>supra</u> n.3; <u>Grooms v. Commissioner</u>, T.C. Memo. 1992-291.

To reflect the foregoing,

<u>Decision will be entered</u> <u>under Rule 155</u>.