T.C. Summary Opinion 2012-2

UNITED STATES TAX COURT

THOMAS G. HENK, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7120-10S.                    Filed January 4, 2012.

Thomas G. Henk, Jr., pro se.

<u>Scott W. Forbord</u> and <u>Mark J. Miller</u>, for respondent.

COHEN, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency of $2,857 in petitioner's Federal income tax for 2007 that was based on income reported to the Internal Revenue Service on Form 1099-MISC, Miscellaneous Income, but not reported on petitioner's return. The deficiency determined included self-employment tax that is now conceded by respondent. The recomputed deficiency in issue is $1,530.

## Background

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in Wisconsin when he filed his petition.

During 2007, petitioner was employed by Dealer Financial Systems and earned wages that were paid weekly. On June 13, 2007, petitioner's employment was terminated, and he was given severance pay by a Franklin Financial Corp. check for $10,182.80. Franklin Financial Corp. was a "sister corporation" of Dealer Financial Systems.

A Form 1099-MISC given to petitioner and sent to the Internal Revenue Service reported the severance pay. Dealer Financial Systems reported petitioner's 2007 wages of $22,573.69 on a Form W-2, Wage and Tax Statement.

Petitioner did not report the severance pay on his tax return for 2007. Respondent determined that the unreported amount was nonemployee compensation subject to income and self-employment tax.

## Discussion

Petitioner denied ever working for Franklin Financial Corp. and initially disputed receipt of the severance pay reflected in the Form 1099-MISC. However, by the time of trial he stipulated that he had received a check for $10,182.80 from that entity. He contends that his former employer paid the severance from a different entity and reported it on Form 1099-MISC to avoid employment taxes and to shift the burden of such taxes to him.

The record does not contain any explanation of why petitioner's severance pay was paid by an entity other than the one that paid his wages. Nonetheless, there is no dispute as to the purpose of the payment, and it is income that petitioner should have reported on his return for 2007. See sec. 61(a)(1) (gross income means all income from whatever source derived and includes compensation for services, including fees, commissions, fringe benefits, and similar items). Petitioner's suspicions concerning the motivation of his former employer are irrelevant to the taxability of the amount that he received. Neither the employer's liability for employment taxes nor petitioner's share is before the Court. See McWhorter v. Commissioner, T.C. Memo. 2008-263; Lucas v. Commissioner, T.C. Memo. 2000-14 n.3; Grooms v. Commissioner, T.C. Memo. 1992-291.

To reflect respondent's concession,

<u>Decision will be entered for</u>
<u>respondent for a deficiency of</u>
<u>$1,530</u>.