John M. and Alice D. CHURCH, Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Appellee.

No. 486, Docket 86–4128.

United States Court of Appeals, Second Circuit.

Argued Jan. 16, 1987.

Decided Jan. 20, 1987.

Alice D. Church, pro se.

James H. Love, Tax Div., Dept. of Justice, Washington, D.C. (Roger M. Olsen, Asst. Atty. Gen., Michael L. Paup, Robert S. Pomerance, of counsel), for appellee.

Before KAUFMAN, TIMBERS and MINER, Circuit Judges.

PER CURIAM:

During 1981, Alice Church earned $2,920 for six weeks work as a secretary. She and her husband John failed to report this amount on their joint income tax return. After the Commissioner of Internal Revenue issued a deficiency notice, they availed themselves of the United States Tax Court's simplified procedure for small tax cases[1] and filed a *pro sese* petition for review. The taxpayers' contention was that the failure of Mrs. Church's employer to withhold income tax from her wages relieved them of liability for the tax.

The Tax Court, reviewing the matter on stipulated facts, upheld the Commissioner's deficiency notice in the amount of $1325. It held that the failure of the employer to withhold taxes, as it should have, did not lessen the taxpayers' obligation to report and pay taxes on income that they in fact received.

Again availing themselves of a simplified Tax Court form, the taxpayers appealed.

■ In this Court, the Commissioner argues that since the notice of appeal was signed only by Alice Church, who is not an attorney, it is effective only as to her and

---

1. This procedure is set forth in Rules 170–179 of the Rules of Practice and Procedure of the United-

ed States Tax Court.

not as to her husband. This contention is correct, and we accept it. *See Knoblauch v. Commissioner,* 749 F.2d 200, 201 n. 1 (5th Cir.1984). We do so with considerable reluctance, however, since it is clear from the record that Alice Church simply signed a notice of appeal form provided by the Tax Court—a form which, unlike others provided to *pro se* litigants by that court, did not indicate that each petitioner must sign it.

■ No harm was done in this case, however, since Mrs. Church's position on the merits is baseless. It is clear that the failure of an employer to meet its obligation to withhold income tax does not in any way lessen the obligation of an employee to pay income tax. Indeed, we have long since rejected the contrary position even in the context of a criminal prosecution, *U.S. v. Kuntz,* 259 F.2d 871 (2d Cir. 1958). *See also Kuntz v. Commissioner,* 31 T.C.M. (P–H) ¶ 62,098 (1962).

■ We have been presented with neither reason nor authority for a different result here, and if this frivolous appeal had been prosecuted by counsel we should unhesitatingly have imposed sanctions. We refrain from doing so in this case, however. While we have in the past imposed sanctions for meritless *pro se* appeals, *e.g., Johl v. Johl,* 788 F.2d 75 (2d Cir.1986), this case is not an appropriate one in which to take that course. We find of particular relevance in this regard that neither the notice of appeal form provided by the Tax Court nor the Tax Court rules referred to on that form inform *pro se* litigants they run the risk of sanctions in the event their appeals are deemed to be wholly lacking in merit. *See* Rules of Practice and Procedure of the United States Tax Court, Rules 190–191 & Form 8. *Cf. Schiff v. Commissioner,* 751 F.2d 116 (2d Cir.1984) (sanctions imposed where litigant represented by attorney had been warned by Tax Court that he risked them).

The decision of the United States Tax Court is affirmed.