**Thomas L. BAASCH, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. CV 88–3025.**

United States District Court, E.D. New York.

Aug. 10, 1990.

Thomas L. Baasch, Islip, N.Y., pro se.

Philip Karter, U.S. Dept. of Justice, Tax Div., Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Thomas L. Baasch ("plaintiff") commenced this action to recover the interest and penalties he paid to the Commissioner of Internal Revenue for the 1981 and 1982 tax years. Named as defendant is the United States of America ("defendant"). Presently before the Court are the parties' cross-motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants the motion for summary judgment in favor of defendant.

## I. BACKGROUND

In January 1984, the Internal Revenue Service ("IRS") informed plaintiff that he had not filed his federal income tax returns for the 1981 and 1982 tax years. Plaintiff responded by letter and stated that he had failed to file the tax returns due to a dispute with his employer, TII Corporation ("TII"), concerning whether TII should have classified him as an independent contractor or an employee. At that time, plaintiff claimed to have filed a "Form SS–8," (entitled "Information for Use in Determining Whether a Worker is an Employee for Federal Employment Tax & Income Tax Withholding").

In July of 1985, plaintiff filed his 1981 and 1982 tax returns. Although each return reflected income of $18,900 and $24,-300, respectively, plaintiff claimed he owed no tax. In addition, plaintiff indicated on both forms that he "was really an employee" for purposes of the self-employment tax.

In 1985 the IRS assessed a deficiency in taxes of $1,375 for 1981 and $1,185 for

1982.[1] It is to be noted that these deficiency assessments correspond exactly with the total tax plaintiff himself reported due on both his 1981 and 1982 returns.[2]

In addition to the deficiency, plaintiff was assessed interest and penalties for failing to timely file the tax return, or pay the income tax due. As a result plaintiff paid a total of $6,411.25 in taxes, penalties and interest for the 1981 and 1982 tax years.

On September 30, 1988, plaintiff commenced this action to recover the income taxes, penalties and interest he paid to the IRS for the tax years in question. He has since abandoned his claim for the refund of the actual taxes paid, and therefore seeks to recover only the interest and penalty payments in the amount of $2,976.25, plus interest.

As a basis for his action, plaintiff argues that TII had improperly classified him as an independent contractor rather than an employee for the tax years in question. He further claims that this misclassification caused the delay in the filing and paying of his tax returns. According to plaintiff, if TII had treated him as an employee then it would have withheld taxes from his salary, and plaintiff would not have delayed his tax payment. Even if TII did not withhold employee taxes, plaintiff argues that as his employer TII was responsible for those taxes. Thus, plaintiff argues that the IRS should not hold him accountable for the interest and penalties since TII is responsible for the delay.

Plaintiff additionally claims that he had postponed filing his returns and paying his income taxes until the IRS responded to his request for a determination of his employee status. However, it is to be noted that plaintiff offers no explanation as to why he failed to make this request until January 1984, or as to why he did not file his 1981 and 1982 returns until July of 1985.

Defendant argues that plaintiff's status as an employee or independent contractor has no relevance to the outcome of this case. More specifically, defendant contends that plaintiff still had an obligation to timely file his 1981 and 1982 tax returns and pay the taxes due—whether or not TII treated him as an employee. Thus, for purposes of its summary judgment motion, defendant concedes that TII improperly classified plaintiff as an independent contractor. Nevertheless, defendant asserts that plaintiff was still liable for failing to comply with the tax laws.

As noted above, both parties currently move for summary judgment. Inasmuch as the parties do not dispute the material facts of the case, the only issue before this Court is whether plaintiff, as a matter of law, is entitled to a refund of the interest and penalties imposed by the IRS for his failure to timely file his tax returns or pay the taxes owed.

## II. SUMMARY JUDGMENT

The Court may grant a motion for summary judgment only when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Donahue v. Windsor Lock Bd. of Fire Comm'rs*, 834 F.2d 54, 57 (2d Cir.1987). Furthermore, the moving party bears the burden of establishing the absence of a genuine issue as to any material fact. *Donahue*, 834 F.2d at 57. The Court classifies a fact as material when it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1985); *Quarles v. General Motors Corp.*, 758 F.2d 839, 840 (2d Cir.1985) (per curiam). In addition, the Court must resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *Donahue*, 834 F.2d at 57. The Court will first address defendant's motion for summary judgment.

---

**1.** For the 1982 return, the IRS based the deficiency assessment upon the $2,060 reported by plaintiff as due on line 40 of his 1982 tax return less an $875 estimated tax payment posted on April 17, 1982.

**2.** Taking into account the $875 estimated payment made for 1982. See footnote 1, *supra.*

### III. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

In order for the Court to grant defendant's motion for summary judgment, defendant must prove that there exists no genuine issue as to any material fact, and that as a matter of law plaintiff cannot recover a refund of the interest and penalties paid to the IRS for his failure to timely file tax returns or to pay the taxes owed. Because there is no dispute between the parties as to the material *facts*, the Court will discuss the application of the tax laws relevant to this case.

■ It is uncontroverted that plaintiff incurred tax liability for the 1981 and 1982 tax years, and this is conceded by plaintiff inasmuch as he no longer seeks a refund for the actual taxes. In 1985, plaintiff paid the income taxes due for those earlier years. Presently, plaintiff seeks to recover only the penalties and interest paid; thus, plaintiff concedes his tax liability for the years in question.

Although plaintiff alleges that TII should have withheld his taxes, by not contesting his tax liability plaintiff impliedly agrees that the "failure of an employer to meet its obligation to withhold income taxes [did] not in any way lessen [plaintiff's] obligation ... to pay income tax." *Church v. Comm'r*, 810 F.2d 19, 20 (2d Cir.1987). The Second Circuit has also ruled that "while the Government may pursue the employer for the full amount he should have withheld, the employee must report his entire income, whether subject to withholding tax or not." *United States v. Kuntz*, 259 F.2d 871, 872 (2d Cir.1958).

Thus, TII's misclassification of plaintiff as an independent contractor did not relieve him of his obligation to timely file tax returns, or pay the taxes owed, on the prescribed due date. Whether taxed as an employee or according to some other status, plaintiff incurred tax liability for the years in question and therefore should have complied with the Internal Revenue Code. Failure to do so subjects him to liability for interests and penalties under the applicable tax laws. *See* 26 U.S.C. §§ 6601, 6651 and 6654.

■ Pursuant to 26 U.S.C. § 6151, regardless of when taxes are actually assessed, the taxes are considered as due and owing—and constitute a liability—as of the date the tax return for the specified period is required to be filed. 26 U.S.C. § 6151; *see Federal Deposit Insurance Corp. v. United States*, 654 F.Supp. 794, 806 (N.D. Ga.1986) (citations omitted). As pointed out by defendant, plaintiff's taxes for 1981 and 1982 were due on the fifteenth of April in the years 1982 and 1983, respectively. Since plaintiff did not file his returns until 1985, his liability began to accrue as of those prescribed dates.

The Internal Revenue Code imposes a liability for interest payments on a taxpayer who fails to pay the amount of tax due "on or before the last day prescribed for payment." 26 U.S.C. § 6601(a). In general terms, the statute provides that "[i]f any amount of tax imposed by this title ... is not paid on or before the last date prescribed for payment, interest on such amount at the underpayment rate established under section 6621 shall be paid for the period from such last date to the date paid." *Id.*

Thus, plaintiff's failure to pay his 1981 and 1982 income taxes on or before their prescribed due dates subjected him to interest liability for the period between the due dates and the date of payment. *Id.* Defendant concedes that it may have also been able to assess and collect interest from TII for its failure to deduct withholding taxes from the plaintiff's wages, assuming, *arguendo*, that plaintiff was indeed an employee. *See* 26 U.S.C. § 3402. However, defendant's failure to do so does not relieve plaintiff of his liability for interest under § 6601. *See Church*, 810 F.2d at 20.

In fact, defendant correctly notes that 26 U.S.C. § 6404(e) offers the only authority for the abatement of interest. It authorizes the IRS to abate the assessment of interest if an IRS official or employee erred or delayed in performing a ministerial act that resulted in the interest assessment on a deficiency. 26 U.S.C. § 6404(e). Fur-

thermore, the section permits abatement only if a significant aspect of the error or delay cannot be attributed to the taxpayer himself. *Id.*

The facts of this case do not suggest that the assessment of interest on plaintiff's tax deficiency is attributable to an error or a delay of an IRS official. Rather, the government imposed the interest payments pursuant to § 6601(a) due to plaintiff's failure to timely file his returns and pay the taxes due. Therefore, as a matter of law, plaintiff is not entitled to an abatement of the assessed interest.

In addition to interest payments, the IRS imposed penalties against plaintiff for failing to file tax returns or pay income tax due, and for failure to pay estimated income tax pursuant to 26 U.S.C. §§ 6651 and 6654.

█ Pursuant to 26 U.S.C. § 6651(a)(1), the IRS must impose delinquency penalties when a taxpayer fails to file a tax return on the date prescribed by law, including extensions. The penalty imposed equals five percent of the amount of the tax per month not to exceed twenty-five percent of the overall tax paid. *Id.* The penalty is imposed on the net amount due, i.e., on the difference between the amount required to be shown on the return and the amount paid on or before the due date, plus any credits against the tax to which the taxpayer may be entitled. 26 U.S.C. § 6651(b)(1).

If the taxpayer fails to file his return on the date prescribed, the IRS *must* assess a delinquency penalty "unless it is shown that such failure is due to reasonable cause and not willful neglect." 26 U.S.C. § 6651(a)(1). It is to be noted that the taxpayer bears the burden of establishing reasonable cause. *Parkchester Beach Club Corp. v. Comm'r*, 335 F.2d 478, 481 (2d Cir.1964) (citations omitted).

In the case at bar plaintiff introduces nothing to suggest that the failure to file or pay was due to reasonable cause, and therefore, fails to meet his burden. *See* 26 U.S.C. § 6651. As noted above, plaintiff claims that a dispute with his employer concerning his employee status, and the IRS's failure to respond to his request for an employer-employee determination, resulted in his failure to timely file his returns or pay his taxes. This Court finds that such an explanation does not constitute reasonable cause; consequently, plaintiff may not recover the delinquency penalties already paid to the IRS. *See Church*, 810 F.2d at 20.

█ Regarding the estimated tax penalty, § 6654 of the Code imposes a penalty on any underpayment of estimated tax by an individual. 26 U.S.C. § 6654(a). For purposes of this section, subsection (g)(1) of § 6654 authorizes a taxpayer to substitute the credits allowed under § 31 (withholding) for his estimated tax payments. 26 U.S.C. § 6654(g). In practice, if an employer withholds taxes from an employee's wages, the employee may apply the amount withheld to his estimated tax payments. *Id.* Defendant points out that it is undisputed in this case that the employer did not withhold any taxes and that plaintiff did not pay any estimated taxes for 1981. Therefore, plaintiff may not recover the penalty imposed for failing to pay his estimated taxes, since unlike the penalties previously discussed, this penalty provides no exception for reasonable cause.

Based upon the applicable law, plaintiff's failure to timely file his returns and pay his estimated or actual taxes by the prescribed dates subjected him to liability for interest and penalties. Since he has not introduced sufficient evidence to even raise a genuine issue of material fact as to reasonable cause, plaintiff is not entitled to a refund of the payments made. Accordingly, summary judgment must be granted in favor of the defendant and denied as to plaintiff.

## CONCLUSION

For the reasons stated above, the Court grants defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The Clerk of the Court is directed to enter judgment for defendant and close the file in this case.

SO ORDERED.