961 F.2d 1576
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William A. BELL BEY; Plaintiff-Appellant,
Tony Lawson, Plaintiff,
v.
Robert BROWN, Jr., et al., Defendants-Appellees.
 No. 91-2271.
 United States Court of Appeals, Sixth Circuit.
 May 8, 1992.
 
 1
 Before KENNEDY and SUHRHEINRICH, Circuit Judges, and BERTLESMAN, Chief District Judge.*
 
 ORDER
 
 2
 William A. Bell Bey, a pro se Michigan prisoner, appeals a district court order granting the defendants' motion for summary judgment and dismissing his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and injunctive relief, Bell Bey and another inmate (Lawson) sued approximately 28 employees of the Michigan Department of Corrections in their individual capacities alleging numerous grounds for relief. In a lengthy complaint and an even longer amended complaint, the plaintiffs alleged that the defendants violated their due process and equal protection rights under the First, Eighth and Fourteenth Amendments. Specifically, Bell Bey alleged that the defendants violated his constitutional rights when they:
 
 
 4
 (1) Reclassified him to administrative segregation on numerous occasions after being found guilty of major misconduct without holding a second hearing;
 
 
 5
 (2) Denied him good time credit which was forfeited after he was found guilty of major misconduct without holding a second hearing;
 
 
 6
 (3) Denied him his right of access to the courts when he was placed on a paper and library restriction and legal papers were taken from his cell;
 
 
 7
 (4) Denied him his First Amendment right to receive a package of greeting cards from his sister; and
 
 
 8
 (5) Restricted him to five out-of-cell exercise periods per month and placed him on a shower restriction.
 
 
 9
 Claims one and two were also alleged by Lawson who in addition made a general claim that he was denied access to the courts.
 
 
 10
 The defendants filed a motion for summary judgment and the plaintiffs responded. The district court granted summary judgment in favor of defendants on all claims raised and dismissed the complaint.
 
 
 11
 Although two inmates initially commenced the § 1983 action, Bell Bey was the only appellant that signed the notice of appeal. His brief has been construed as raising those same grounds which he raised before the district court. For the first time on appeal, he also raises the ground that he was denied adequate psychiatric care. He requests the appointment of counsel. Both parties have filed briefs.
 
 
 12
 Initially, we conclude that Bell Bey is the only appellant properly before the court. Generally, the court lacks jurisdiction over claims of pro se appellants who fail to sign the notice of appeal. See Fed.R.App.P. 3(c); Torres v. Oakland Scavenger Co., 487 U.S. 312, 317-18 (1988); Church v. Commissioner, 810 F.2d 19, 19-20 (2d Cir.1987) (per curiam); Carter v. Commissioner, 784 F.2d 1006, 1008 (9th Cir.1986); Knoblauch v. Commissioner, 749 F.2d 200, 201 n. 1 (5th Cir.1984), cert. denied, 474 U.S. 830 (1985). Lawson is not properly before the court and is not an appellant because he failed to sign the notice of appeal. This holding does not work a hardship on Lawson because the appeal itself lacks merit and summary judgment was properly entered by the district court.
 
 
 13
 Upon review, we affirm the district court's judgment because there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. Fed.R.App.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). We also affirm for those reasons set forth in the district court's opinion and order filed September 12, 1991.
 
 
 14
 Accordingly, Bell Bey's request to proceed as a pauper is granted but his request for the appointment of counsel is denied and the judgment of the district court is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William O. Bertelsman, Chief U.S. District Judge for the Eastern District of Kentucky, sitting by designation