T.C. Memo. 2007-265

UNITED STATES TAX COURT

JAMES E. ANDERSON AND CHERYL J. LATOS, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

CHERYL J. LATOS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 16522-02L, 5829-06L.    Filed September 5, 2007.

Cheryl J. Latos, pro se.

Frank W. Louis, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, Judge:  Petitioners filed the respective petitions in these consolidated cases in response to notices of determination concerning collection action(s) under section 6320 and/or 6330 (notice of determination) issued to James E. Anderson and

Cheryl J. Latos and to Cheryl J. Latos, respectively. We must decide whether to sustain the determinations in those notices. We hold that we shall to the extent stated herein.

## FINDINGS OF FACT

All of the facts in each of these cases, which petitioner Cheryl J. Latos (Ms. Latos) and respondent submitted under Rule 122,[1] have been stipulated by them and are so found except to the extent stated herein.[2]

At the time Ms. Latos and Mr. Anderson filed the respective petitions in these cases, they resided in Wood River Junction, Rhode Island.

## Case at Docket No. 16522-02L

During 1998, Mr. Anderson worked as a fisherman on a U.S. fishing vessel that had a crew of less than ten people.

Ms. Latos and Mr. Anderson jointly filed Form 1040, U.S. Individual Income Tax Return (Form 1040), for their taxable year

---

[1]All Rule references are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code in effect at all relevant times.

[2]In the case at docket No. 16522-02L, respondent filed a motion to dismiss for lack of prosecution as to petitioner James E. Anderson (Mr. Anderson), the former spouse of Ms. Latos. The Court shall grant that motion and shall enter the same decision with respect to Mr. Anderson that the Court shall enter with respect to Ms. Latos.

Both Ms. Latos and Mr. Anderson are parties in the case at docket No. 16522-02L, and only Ms. Latos is a party in the case at docket No. 5829-06L. For convenience, we shall generally refer only to Ms. Latos, and not to Ms. Latos and Mr. Anderson.

1998 (1998 return). In the 1998 return, Ms. Latos and Mr. Anderson claimed four exemptions and a total exemption amount of $22,800 and showed Federal income tax (income tax) due of $6,302. When Ms. Latos and Mr. Anderson filed the 1998 return, they did not pay the income tax due shown in that return.

At a time not disclosed by the record, respondent determined that Ms. Latos and Mr. Anderson made a mathematical error in claiming in their 1998 return a total exemption amount for four exemptions of $22,800, instead of $10,800.[3] Respondent corrected that mathematical error and the resulting error that Ms. Latos and Mr. Anderson made in computing the amount of income tax due shown in their 1998 return. The correct amount of income tax that Ms. Latos and Mr. Anderson should have shown due in that return is $9,662 (correct amount of 1998 tax due).[4]

On June 7, 1999, respondent assessed the correct amount of 1998 tax due, additions to tax under sections 6651(a)(2) and 6654 for Ms. Latos' taxable year 1998, and interest as provided by law. (We shall refer to any such unpaid assessed amounts with respect to Ms. Latos' taxable year 1998, as well as interest provided by law accrued after June 7, 1999, as Ms. Latos' unpaid 1998 liability.)

---

[3]Each exemption amount for the taxable year 1998 of Ms. Latos and Mr. Anderson was $2,700.

[4]The correct amount of 1998 tax due does not include any self-employment tax.

Respondent issued to Ms. Latos the notice and demand for payment required by section 6303(a) with respect to Ms. Latos' unpaid 1998 liability.

On December 5, 2001, respondent issued to Ms. Latos a notice of intent to levy and notice of your right to a hearing with respect to, inter alia, her taxable year 1998 (1998 notice of intent to levy).

On December 9, 2001, in response to the 1998 notice of intent to levy, Ms. Latos mailed to respondent Form 12153, Request for a Collection Due Process Hearing (Ms. Latos' Form 12153 with respect to the 1998 notice of intent to levy), and requested a hearing with respondent's Appeals Office (Appeals Office). In that form, Ms. Latos indicated that she did not agree with the 1998 notice of intent to levy and gave the follow-ing explanation for her disagreement: "IRS MUST COLLECT FROM THE EMPLOYER AND HAS NO STATUTORY AUTHORIZATION TO COLLECT FROM THE EMPLOYEE." A two-page attachment to Ms. Latos' Form 12153 with respect to the 1998 notice of intent to levy stated in pertinent part:

Taxpayer is an employee.

    *        *        *        *        *        *        *

Taxpayers have also requested that the IRS seek techni-cal advice on the provisions of TITLE 26 - INTERNAL REVENUE CODE Subtitle C - Employment Taxes CHAPTER 24 - COLLECTION OF INCOME TAX AT SOURCE.

**IRC Sec. 3402.  Income tax collected at source**

- (a) Requirement of withholding

  - (1) In general
    Except as otherwise provided in this section, every employer making payment of wages shall deduct and withhold upon such wages a tax determined in accordance with tables or computational procedures prescribed by the Secretary.

**IRC Sec. 3403.  Liability for tax**

The employer shall be liable for the payment of the tax required to be deducted and withheld under this chapter, and shall not be liable to any person for the amount of any such payment

**Treasury Regulation § 31.3403-1 Liability for tax**

Every employer required to deduct and withhold the tax under section 3402 from the wages of an employee is liable for the payment of such tax whether or not it is collected from the employee by the employer.  If, for example, the employer deducts less than the correct amount of tax, or if he fails to deduct any part of the tax, he is nevertheless liable for the correct amount of the tax.  See, however, § 31.3402(d)-1. * * *

**Treasury Regulation Sec. 31.6205-1** Adjustments of underpayments.

(a) In general.  (1) An employer who makes, or has made, an undercollection or underpayment of--
(iii) Income tax required under section 3402 to be withheld, with respect to any payment of wages or compensation, shall correct such error as provided in this section.

(c) Income tax required to be withheld from wages--(4) Deductions from employee.  If no income tax, or less than the correct amount of income tax, required under section 3402 to be withheld from wages is deducted from wages paid to an employee in a calendar year, the employer shall collect the amount of the undercollection on or

before the last day of such year by deducting such amount from remuneration of the employee, if any, under his control.  Such deductions may be made even though the remuneration, for any reason, does not constitute wages.  Any undercollection in a calendar year not corrected by a deduction made pursuant to the foregoing provisions of this sub-paragraph is a matter for settlement between the employee and the employer within such calendar year.  For provisions relating to the employer's liability for the tax, whether or not he collects it from the employee, see Sec. 31.3403-1 [T.D. 6516, 25 FR 13032, Dec. 20, 1960; 25 FR 14021, Dec. 31, 1960, as amended by T.D. 7783, 46 FR 37890, July 23, 1981]

**Treasury Regulation § 31.3402(d)-1 Failure to withhold.**

If the employer in violation of the provisions of section 3402 fails to deduct and withhold the tax, and thereafter the income tax against which the tax under section 3402 may be credited is paid, the tax under section 3402 shall not be collected from the employer.  Such payment does not, how-ever, operate to relieve the employer from liabil-ity for penalties or additions to the tax applica-ble in respect of such failure to deduct and with-hold.  The employer will not be relieved of his liability for payment of the tax required to be withheld unless he can show that the tax against which the tax under section 3403 may be credited has been paid.  See § 31.3402-1, relating to lia-bility for tax.  [Reproduced literally.]

On December 7, 2001, respondent filed a notice of Federal tax lien with respect to, inter alia, Ms. Latos' taxable year 1998.

On December 12, 2001, respondent issued to Ms. Latos a notice of Federal tax lien filing and your right to a hearing (notice of tax lien) with respect to, inter alia, Ms. Latos'

taxable year 1998 (1998 notice of tax lien).[5]

On December 17, 2001, in response to the 1998 notice of tax lien, Ms. Latos mailed to respondent Form 12153 (Ms. Latos' Form 12153 with respect to the 1998 notice of tax lien) and requested a hearing with the Appeals Office. In that form, Ms. Latos indicated that she did not agree with the 1998 notice of tax lien and gave the following explanation for her disagreement: "Requested Appeals Hearings for all 3 years - never received hearings." Attached to Ms. Latos' Form 12153 with respect to the 1998 notice of tax lien was the first page of the two-page attachment to Ms. Latos' Form 12153 with respect to the 1998 notice of intent to levy.

On January 29, 2002, a settlement officer with the Appeals Office (settlement officer) held a conference with Ms. Latos with respect to the 1998 notice of intent to levy and the 1998 notice of tax lien. During that conference, Ms. Latos claimed that neither she nor Mr. Anderson is responsible for paying income tax on the amounts that Mr. Anderson received during 1998 from his fishing activities. Instead, according to Ms. Latos, the alleged employer of Mr. Anderson during that year is responsible for paying such income tax.

---

[5]Ms. Latos and respondent stipulated that respondent issued the 1998 notice of tax lien to Ms. Latos on Dec. 6, 2001. That stipulation is clearly contrary to the facts that we have found are established by the record, and we shall disregard it. See Cal-Maine Foods, Inc. v. Commissioner, 93 T.C. 181, 195 (1989).

On October 10, 2002, the Appeals Office issued to Ms. Latos a notice of determination with respect to, inter alia, her taxable year 1998 (1998 notice of determination). That notice stated in pertinent part:

**Summary of Determination**
Your position on the liability for the Income Tax is without merit. You have not proposed any viable alternatives to enforced collection action. Without sufficient response to requests for information and alternatives, Appeals has determined that no choice exists but to return the matter to the jurisdiction of the Compliance Division for necessary action.

An attachment to the 1998 notice of determination stated in pertinent part:

**Attachment to 3193**

**Collection Due Process**
**Lien and Levy Issue**

**James E. Anderson & Cheryl J. Latos**

**Summary and Recommendation**

* * * You submitted two Forms 12153, Request for a Collection Due Process Hearing, in response to the issuance of Letter 1058, Final Notice: Notice of Intent to Levy and Notice of Your Rights to a Hearing issued on December 5, 2001 and the filing of a Notice of Federal Tax Lien on December 6, 2001. Your 12153 requests were received on December 12, 2001 and December 19, 2001 respectively. The settlement officer conducting the hearing has had no prior involvement with these matters. The impact of the hearing request, on the statute of limitations, has been verified to be proper.

The request for a collection due process hearing was timely made and the hearing was conducted in expeditious fashion at your request. Neither in your written communication nor at the hearing, did you raise any

issues that would provide for relief from the collection action proposed. No alternative security, to that afforded by the Notice of Federal Tax Lien, was offered. It is the recommendation of Appeals that the proposed levy action and the filing of the Notice of Federal Tax Lien be sustained.

## Brief Background

You have been engaged in a dispute with the Service with respect to the employment status of Mr. Anderson for a number of years. This matter involves * * * 1998 * * *. It relates to your position that Mr. Anderson is an employee and that the employer should have withheld federal income taxes from his wages. Your contention is that Mr. Anderson is an employee and that all taxes are the responsibility of his employer. Previous tax years have been subject to Examination, Collection, Taxpayer Advocate and Appeals consideration. They are currently at various stages of the judicial process.

At the hearing you indicated that Mr. Anderson is a fishing boat captain. In 1998 * * * he received his compensation from work performed on a fishing vessel. No federal income taxes were actually withheld in the years in question.

The issue of withholding tax has been decided by <u>Church 810 F.2$^{nd}$19 1987 87-1 USTC 9145.</u> The United States Tax Court ruled, and the 2nd Circuit Court of Appeals affirmed, that failure of an employer to withhold the tax did not lessen the taxpayer's obligation to report and pay tax on the income received. Other than your position that the employer should be liable for the withholding tax no other issues were raised. You declined to discuss alternatives to the Lien and Levy. Accordingly, the determination is based upon a review of the available information. The collection action should be sustained.

## Discussion and Analysis

### Verification that Law and Procedures were followed

Under IRC section 6330 you are entitled in a Collection Due Process matter to raise the issue of liability if you did not otherwise have an opportunity to so. In this particular case no Statutory Notice of Deficiency

for the liability was issued nor did you have any other venue to raise the issue of liability. The hearing allowed for you to present your arguments with respect to this liability. You did so and also chose not to discuss any collection alternatives. You contend that your position is correct and any alternative to collection would undermine efforts to hold the employer responsible, for all taxes, in connection with the work preformed by Mr. Anderson. Discussion did take place with respect to the impact that the Notice of Federal Tax Lien is having upon your financial situation. Alternatives, such as a bond, letter of credit and substitute protection, to the security provided the United States by the Federal Tax Lien, were suggested. You avoided any discussion of alternatives citing your position relative to the assessment.

The review of the administrative file and computer records indicates that all procedural and legal requirements have been met. Notice and demand was issued and neglect or refusal to pay has occurred. IRC Section 6331 (d) requires that the Internal Revenue Service notify a taxpayer at least 30 days before a Notice of Levy can be issued. Transcripts show that this notice was mailed to you. You timely responded and an opportunity for a hearing with the Office of Appeals has been provided. The Notice of Federal Tax Lien was properly requested. The record reveals that the assessments were made, that verification of the existence of the liability was verified and the requesting official was properly authorized to make such request.

The tax return for the year 1998 was assessed on June 7, 1999. * * * The assessments were all properly made. You have neglected or refused to pay the liabilities. A review of the computer files shows that the outstanding balances are still due and owing. A Letter 1058, Final Notice – Notice of Intent to Levy and Notice of Your Rights to a Hearing, was issued on December 6, 2001.[6] The Form 12153 contesting the levy action was filed on December 12, 2001. The request was timely. The Notice of Federal Tax Lien was filed on December 7, 2001. The Form 12153 contesting the action was received in a timely manner on December 19, 2001. The original request indicated that you had requested a

---

[6]See supra note 5.

hearing and never received one.

Appeals has verified, or received verification, that applicable laws and administrative procedures have been met, has considered the issues raised, and has balanced the collection action with the legitimate concerns that such action be no more intrusive than necessary as required by IRC 6330(c)(3).

Information in the case file shows that the Internal Revenue Service followed law and procedure in this case.  The liabilities were properly assessed.  Notice and demand was made and the assessments were not paid.

IRC § 6330(c) allows the taxpayer to raise any relevant issues relating to the unpaid tax on the proposed levy at the scheduled hearing.  On January 29, 2002 a hearing was held.  Only Cheryl Latos attended.  Discussions centered on the validity of the liabilities, you eschewed discussion of alternatives to the proposed enforced collection actions.

**Issues raised by the taxpayer**

You raised the issue of the validity of the assessment. In this appeal, the issue involved the tax assessments for [inter alia] * * * 1998 * * *.  It related only to income tax.  The current tax assessed is not related to self-employment.  Based upon the discussion at the hearing, held on January 29, 2002, you contend that Mr. Anderson is an employee.  You indicate that it is the responsibility of the employer to withhold taxes.  The law does not support your position.  No withholding was taken from the remuneration of Mr. Anderson.  No estimated payments were ever made for the years in question.  As previously cited above,  <u>Church 810 F2nd 1987 87-1 USTC 1945</u> , the fact that an employer does not withhold does not lessen your obligation to pay the income tax.

You raised no other issues at the hearing.  Attempts to discuss collection alternatives were met with a negative response.  A request for financial information that could facilitate alternatives was declined.  Your belief is that the liability issue should be resolved in your favor and collection alternatives would therefore be unnecessary.

**Balancing Efficient Collection and Intrusiveness**

Levy action appears to be the most efficient and least intrusive manner in which to resolve the liability. Had the requested financial information been provided and a viable alternative proposed, perhaps another alternative could have been explored. You failed to demonstrate that the proposed action is overly intrusive or that a better alternative is available. Absent the requested information and viable alternative proposals, it is the determination of Appeals that the intended levy balances the efficient collection of taxes with your legitimate concern that the collection action be no more intrusive than necessary.

With respect to the Notice of Federal Tax Lien you have also failed to demonstrate that the action is overly intrusive or that a better alternative is available. No security other than that proposed by the lien has been proposed. At the hearing you indicated that you were attempting to use the equity in your home to refinance. Your stated intention was to pay unsecured debt and make certain household improvements. It appears that the absence of the Lien would leave the tax liabilities unsecured and conceivably unpaid.

The proposed Levy action as well as the filing of the Notice of Federal Tax Lien is sustained. [Reproduced literally.]

Case at Docket No. 5829-06L

Ms. Latos and Mr. Anderson jointly filed Form 1040 for their taxable year 1995 (1995 return). In their 1995 return, Ms. Latos and Mr. Anderson showed income tax due of $5,441, which they paid when they filed that return.

On January 30, 1997, respondent issued a notice of deficiency to Ms. Latos with respect to her taxable year 1995. On April 10, 1997, respondent rescinded that notice in order to allow Ms. Latos an opportunity to contest administratively the

determinations therein. Ms. Latos and respondent were unable to resolve administratively their differences with respect to Ms. Latos' taxable year 1995. As a result, on May 6, 1997, respondent issued a notice of deficiency to Ms. Latos with respect to that year (1995 notice of deficiency). In that notice, respondent determined a deficiency in self-employment tax relating to certain fishing activities of Mr. Anderson during 1995. Ms. Latos did not file a petition with the Court with respect to the 1995 notice of deficiency.

On September 29, 1997, respondent assessed the self-employment tax determined in the 1995 notice of deficiency and interest as provided by law. During January 1999, Ms. Latos discussed that assessment with respondent's problem resolution office. As a result, respondent abated a portion of the self-employment tax assessed for Ms. Latos' taxable year 1995 so as to reduce the amount of such self-employment tax liability to the amount of tax under the Federal Insurance Contributions Act (FICA tax) for which Ms. Latos and Mr. Anderson would have been liable if Mr. Anderson had been treated as an employee for that year. (We shall refer to any such unpaid and unabated assessed amounts with respect to Ms. Latos' taxable year 1995, as well as interest as provided by law accrued after September 29, 1997, as Ms. Latos' unpaid 1995 liability.)

Respondent issued to Ms. Latos the notice and demand for

payment required by section 6303(a) with respect to Ms. Latos' unpaid 1995 liability.

Ms. Latos and Mr. Anderson jointly filed Form 1040 for their taxable year 1996 (1996 return).  In their 1996 return, Ms. Latos and Mr. Anderson showed income tax due of $4,924, which they did not pay when they filed that return.[7]

On May 26, 1997, respondent assessed the income tax due shown in the 1996 return, additions to tax under sections 6651(a)(2) and 6654 for Ms. Latos' taxable year 1996, and interest as provided by law.  (We shall refer to any such unpaid assessed amounts with respect to Ms. Latos' taxable year 1996, as well as interest as provided by law accrued after May 26, 1997, as Ms. Latos' unpaid 1996 liability.)

Respondent issued to Ms. Latos the notice and demand for payment required by section 6303(a) with respect to Ms. Latos' unpaid 1996 liability.

Ms. Latos and Mr. Anderson jointly filed Form 1040 for their taxable year 1997 (1997 return).  In their 1997 return, Ms. Latos and Mr. Anderson showed income tax due of $3,491, which they did not pay when they filed that return.[8]

On June 8, 1998, respondent assessed the income tax due

---

[7]The income tax due shown in the 1996 return does not include any self-employment tax.

[8]The income tax due shown in the 1997 return does not include any self-employment tax.

shown in the 1997 return, additions to tax under sections 6651(a)(2) and 6654 for Ms. Latos' taxable year 1997, and interest as provided by law. (We shall refer to any such unpaid assessed amounts with respect to Ms. Latos' taxable year 1997, as well as interest as provided by law accrued after June 8, 1998, as Ms. Latos' unpaid 1997 liability. We shall refer collectively to Ms. Latos' unpaid 1995 liability, Ms. Latos' unpaid 1996 liability, Ms. Latos' unpaid 1997 liability, and Ms. Latos' unpaid 1998 liability as Ms. Latos' unpaid 1995, 1996, 1997, and 1998 liabilities.)

Respondent issued to Ms. Latos the notice and demand for payment required by section 6303(a) with respect to Ms. Latos' unpaid 1997 liability.

On February 9, 2001, respondent received from Ms. Latos a request for technical advice as to whether Mr. Anderson was an employee or self-employed during 1996 and 1997. On September 12, 2001, respondent held a telephonic conference with Ms. Latos regarding respondent's proposed technical advice with respect to that request and gave Ms. Latos 21 days within which to respond.

On December 17, 2001, respondent mailed to Ms. Latos the technical advice memorandum (TAM) that respondent issued in response to Ms. Latos' request for technical advice. The effects of respondent's conclusions in that TAM were (1) that Mr. Anderson was an employee of the owners of the boats on which he

engaged in fishing activities during 1996 and (2) that he was self-employed when he engaged in such activities during 1997.

Consistent with the TAM, on February 8, 2002, respondent assessed FICA tax with respect to Ms. Latos' taxable year 1996.[9] On the same date, respondent also assessed interest as provided by law with respect to that year.

On November 12, 2003, respondent filed a notice of Federal tax lien with respect to, inter alia, Ms. Latos' taxable years 1995 through 1997 (1995 through 1997 tax lien filing).[10]

On November 12, 2003, respondent issued to Ms. Latos a notice of Federal tax lien with respect to, inter alia, her taxable years 1995 through 1997 (1995 through 1997 notice of tax lien).[11]

On November 17, 2003, in response to the 1995 through 1997 notice of tax lien, Ms. Latos mailed to respondent Form 12153 and requested a hearing with the Appeals Office. In that form, Ms. Latos indicated that she did not agree with the 1995 through 1997

---

[9]See infra note 13.

[10]The amount with respect to Ms. Latos' taxable year 1996 shown in the 1995 through 1997 tax lien filing under the heading "Unpaid Balance" included, inter alia, the FICA tax and any interest thereon that respondent assessed on Feb. 8, 2002. See infra note 13.

[11]The amount with respect to Ms. Latos' taxable year 1996 shown in the 1995 through 1997 notice of tax lien under the heading "Amount Owed" included, inter alia, the FICA tax and any interest thereon that respondent assessed on Feb. 8, 2002. See infra note 13.

notice of tax lien and gave the following explanation for her

disagreement:

    NOT SELF-EMPLOYED
    IRC Sec. 3403
            3102(b)

On January 24, 2006, a settlement officer held a telephonic

conference with Ms. Latos with respect to the 1995 through 1997

notice of tax lien.  During that conference, Ms. Latos claimed

that neither she nor Mr. Anderson is responsible for paying

income tax on the respective amounts that Mr. Anderson received

during 1995,[12] 1996, and 1997 from his fishing activities.

Instead, according to Ms. Latos, the alleged employer of Mr.

Anderson during those years is responsible for paying such tax.

On February 16, 2006, the Appeals Office issued to Ms. Latos

a notice of determination with respect to, inter alia, her

taxable years 1995 through 1997 (1995 through 1997 notice of

determination).  That notice stated in pertinent part:

    Summary of Determination
    The Federal Tax Lien is sustained.

An attachment to the 1995 through 1997 notice of determination

stated in pertinent part:

---

[12]As discussed above, Ms. Latos' unpaid 1995 liability is based on respondent's determination of a deficiency in self-employment tax, and not income tax, for her taxable year 1995. See discussion infra note 20 regarding the nature of the self-employment tax.

Attachment to Letter 3193

| Tax Form / Type | Tax Period | Date of Notice of Federal Tax Lien |
|---|---|---|
| * * | * * | * * * |
| 1040 | 12-31-1995 | 11-07-2003 |
| 1040 | 12-31-1996 | 11-07-2003 |
| 1040 | 12-31-1997 | 11-07-2003 |
| * * | * * | * * * |

The IRS received from you Form 12153, postmarked 11-22-2003. This is a request for a Collection Due Process Hearing. You filed this form in response to the Collection Department's recordation of Notices of Federal Tax Lien against you relative to the above listed liabilities. The statutes for collection of these liabilities were suspended during the hearing process because your request for a hearing was mailed prior to the deadline for timely filing as provided for in IRC section 6330. * * *

The Settlement Officer in this case had no prior involvement with the liabilities in question.

## Verification that Law and Procedure were Followed

Information in the administrative case file and related computer records shows that the IRS followed law and procedure in this case. * * * The assessments in question were properly made under IRC section 6201, and notice and demand was sent to you as per IRC section 6303. You did not pay the liabilities. The IRS gave you additional opportunities to pay the balances due voluntarily, but you failed to do so. The Collection Department recorded the liens to protect the government's interest.

## Relevant Issues Raised by the Taxpayer

On the Form 12153 you state "Not Self Employed IRC Sec. 3403 and 3102(b)." The Federal Tax Lien will not be released until the full balances of all the tax years involved are paid in full. At your hearing it was discussed that the equity in * * * [Ms. Latos' resi-

dence] should be liquidated by either refinancing or selling the property.

### Balancing Efficient Collection with the
### Instructiveness of Proposed Collection Actions

Although the tax liens are inherently intrusive, you have proposed no other method of securing the government's interest. Therefore, the liens should remain on file until the balances due in question are fully paid. [Reproduced literally.]

OPINION

A taxpayer may raise challenges to the existence or the amount of the taxpayer's underlying tax liability if the taxpayer did not receive a notice of deficiency or did not otherwise have an opportunity to dispute such liability, sec. 6330(c)(2)(B), including the tax liability reported in the return that such taxpayer filed, Montgomery v. Commissioner, 122 T.C. 1 (2004). Where the validity of the underlying tax liability is properly at issue, the Court will review the matter on a de novo basis. Where the validity of the underlying tax liability is not properly at issue, the Court will review the determinations of the Commissioner of Internal Revenue for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

Before turning to the position of Ms. Latos in these cases, it is important to bear in mind that Ms. Latos and respondent stipulated that (1) it is only the unpaid assessed self-employment tax determined in the 1995 notice of deficiency (as well as

interest as provided by law) that is at issue for Ms. Latos'
taxable year 1995; (2) it is only the unpaid assessed income tax
due shown in each of the income tax returns for Ms. Latos'
taxable years 1996 and 1997 (as well as assessed additions to tax
and interest as provided by law) that is at issue for each of
those years; and (3) it is only the unpaid assessed income tax
due shown in the 1998 return, increased by the income tax attrib-
utable to the mathematical error made in that return in calculat-
ing the total amount of exemptions allowable (as well as assessed
additions to tax and interest as provided by law), that is at
issue for Ms. Latos' taxable year 1998.

It is Ms. Latos' position that the Court should not sustain
the determinations with respect to her taxable years 1995 through
1998 set forth in the respective notices of determination upon
which these cases are based.[13] In support of that position, Ms.
Latos argues that, because Mr. Anderson was an employee of the
owners of the boats on which he engaged in fishing activities
during each of the years 1995 through 1998, each such owner, as
Mr. Anderson's employer, is responsible under section 3403 for
paying Ms. Latos' unpaid 1995, 1996, 1997, and 1998 liabili-

---

[13]We do not have deficiency jurisdiction over the FICA tax
(or any interest thereon) with respect to Ms. Latos' taxable year
1996. See Chatterji v. Commissioner, 54 T.C. 1402, 1405 (1970).
Consequently, we do not have jurisdiction over respondent's
determinations in the 1995 through 1997 notice of determination
with respect thereto. See sec. 6330(d)(1).

ties.[14]  In further support of her position that the Court should not sustain the determinations at issue, Ms. Latos argues that respondent abused respondent's discretion in making those determinations because the settlement officer did not "verify that all applicable laws and procedures for the collection of employment taxes have been met in accordance with I.R.C. § 6330(c)(1)." (Emphasis added.)

In Anderson v. Commissioner, T.C. Memo. 2003-112, Ms. Latos and Mr. Anderson filed a petition with the Court in response to a notice of determination regarding a notice of intent to levy with respect to their taxable years 1995 through 1997.[15]  Ms. Latos and Mr. Anderson advanced in Anderson essentially the same arguments that Ms. Latos advances in the instant cases.

In Anderson v. Commissioner, supra, the Court held that Ms. Latos and Mr. Anderson were precluded under section 6330(c)(2)(B) from challenging the underlying tax liability for their taxable year 1995 because they (1) received a notice of deficiency for that year in which respondent determined a deficiency in self-employment tax and (2) failed to file a petition with the Court

---

[14]Ms. Latos does not contest the respective amounts of Ms. Latos' unpaid 1995, 1996, 1997, and 1998 liabilities.

[15]In the case at docket No. 5829-06L, Ms. Latos filed a petition with the Court in response to the 1995 through 1997 notice of determination regarding a notice of tax lien with respect to, inter alia, her taxable years 1995 through 1997.

with respect to that notice.[16]  For the reasons stated in Anderson v. Commissioner, supra, we hold that Ms. Latos may not challenge Ms. Latos' unpaid 1995 liability.

In Anderson v. Commissioner, supra, the Court further held that, because Ms. Latos and Mr. Anderson did not receive a notice of deficiency with respect to their taxable year 1996 or their taxable year 1997 and did not otherwise have an opportunity to contest the underlying tax liability for each such year, they were entitled to challenge each such underlying tax liability.

In challenging the respective income tax liabilities for their taxable years 1996 and 1997, Ms. Latos and Mr. Anderson argued in Anderson v. Commissioner, supra, as Ms. Latos argues here, that the alleged employer of Mr. Anderson during each of

---

[16]In Anderson v. Commissioner, T.C. Memo. 2003-112, Ms. Latos and Mr. Anderson argued with respect to their taxable year 1995, inter alia, that the Court did not have jurisdiction over that year because the actions of respondent's problem resolution office in abating a portion of the self-employment tax assessed for 1995 converted such self-employment tax to FICA tax.  The Court rejected that argument and held that it had jurisdiction over taxable year 1995 because the actions of respondent's problem resolution office did "not change the fact that the 1995 liability was assessed as self-employment tax under the deficiency procedures."  Id.

In Anderson v. Commissioner, supra, Ms. Latos and Mr. Anderson also challenged the underlying tax liability for their taxable year 1995, as Ms. Latos does here, on the same ground on which they challenged in Anderson, as Ms. Latos does here, the underlying tax liability for each of the taxable years 1996 and 1997, viz., the alleged employer of Mr. Anderson during each of those years is responsible for paying each of those liabilities. As discussed below, in Anderson, the Court rejected that argument as to taxable years 1996 and 1997.  Id.

the years 1996 and 1997 was responsible for paying the respective unpaid income tax liabilities for those years. The Court rejected that argument. According to the Court,

> The obvious fallacy in petitioners' reasoning is that the income tax is petitioners' obligation in the first instance. An employer, on the other hand, is an intermediary or collection agent who may be obligated to withhold amounts from an employee for the employee's future use as a credit or payment of any income tax liability. Whether Mr. Anderson was self-employed or instead was an employee of the boat owners, the fact remains that nothing was withheld from what they paid him. Thus his gross receipts from that source are subject to income tax in their entirety, with no credit for withholding. * * *
>
> * * * Petitioners' arguments are without substance and constitute nothing more than mere protester type arguments, which are not worthy of further analysis or review.
>
> Accordingly, we hold that petitioners are liable for the income tax, as reported by them, for 1996 and 1997.

Id.

Ms. Latos did not receive a notice of deficiency with respect to her taxable years 1996 and 1997. However, in Anderson v. Commissioner, supra, Ms. Latos and Mr. Anderson had the opportunity to dispute the underlying tax liability for each of those years, and they did so, albeit unsuccessfully. On the record before us, we conclude that Ms. Latos may not challenge Ms. Latos' unpaid 1996 liability or Ms. Latos' unpaid 1997 liability.[17]

---

[17]Assuming arguendo that we had concluded that Ms. Latos is

(continued...)

Ms. Latos did not receive a notice of deficiency with respect to her taxable year 1998. Nor did she otherwise have an opportunity to dispute the underlying tax liability for that year. We shall review that liability on a de novo basis. Sego v. Commissioner, 114 T.C. at 610. Ms. Latos advances essentially the same arguments here with respect to Ms. Latos' unpaid 1998 liability that she and Mr. Anderson advanced, and the Court rejected, in Anderson v. Commissioner, T.C. Memo. 2003-112, with respect to their unpaid income tax liability for each of their taxable years 1996 and 1997. For the reasons stated in Anderson

---

[17](...continued)
entitled to challenge the underlying tax liability for each of her taxable years 1996 and 1997, we reject her argument with respect to each such liability for the reasons stated in Anderson v. Commissioner, supra. In this connection, we note that Ms. Latos also relies in the instant cases on United States v. Galletti, 541 U.S. 114 (2004), a case that the Supreme Court of the United States (Supreme Court) decided after the Court issued Anderson. Ms. Latos' reliance on Galletti is misplaced. The issue presented in Galletti was whether the proper assessment of income tax that a partnership was required to withhold under sec. 3403 extended the period of limitations to collect such tax from the partnership's general partners who were liable for the payment of the partnership's debts. United States v. Galletti, supra. The Supreme Court held that it did. Id. The Supreme Court did not hold in Galletti that an employer is responsible for paying the income tax liability of an employee of such employer. Id. As the United States Court of Appeals for the Second Circuit held in Church v. Commissioner, 810 F.2d 19, 20 (2d Cir. 1987):

> It is clear that the failure of an employer to meet its obligation to withhold income tax does not in any way lessen the obligation of an employee to pay income tax. Indeed, we have long since rejected the contrary position even in the context of a criminal prosecution. [Citations omitted.]

v. Commissioner, supra, we reject Ms. Latos' arguments here with respect to Ms. Latos' unpaid 1998 liability.[18]

In Anderson v. Commissioner, supra, the Court further held that respondent's Appeals officer complied with the verification requirements of section 6330(c)(1) and that respondent did not abuse respondent's discretion in making the determinations at issue in that case. For the reasons stated in Anderson v. Commissioner, supra, we find that the settlement officer involved in each of the instant cases complied with the verification requirements of section 6330(c)(1) and that respondent did not abuse respondent's discretion in making the respective determinations over which we have jurisdiction[19] in the 1995 through 1997 notice of determination and the 1998 notice of determination.[20]

_____

[18]See also discussion supra note 17 addressing Ms. Latos' misplaced reliance on United States v. Galletti, supra.

[19]See supra note 13.

[20]We reject as baseless Ms. Latos' argument that the settlement officer involved in each of the instant cases did not comply with the verification requirements of sec. 6330(c)(1) because such settlement officer did not "verify that all applicable laws and procedures for the collection of employment taxes have been met". (Emphasis added.) The instant cases involve the collection of Ms. Latos' unpaid self-employment tax liability for her taxable year 1995 and her unpaid income tax liability for each of her taxable years 1996, 1997, and 1998. These cases do not involve the collection of employment tax for any of those years. We note that although the self-employment tax is collected together with the income tax, it is not part of the income tax itself. Chatterji v. Commissioner, 54 T.C. at 1404. As we indicated in Chatterji, "The self-employment tax imposed is 'an additional tax on the income derived by the self-employed * * *
(continued...)

Based upon our examination of the entire record before us, we hold that we shall sustain respondent's respective determinations over which we have jurisdiction[21] in the 1995 through 1997 notice of determination and the 1998 notice of determination.

Although respondent does not ask us to impose a penalty on Ms. Latos under section 6673(a)(1), we consider sua sponte whether we should impose a penalty on her under that section. Section 6673(a)(1) authorizes the Court to require a taxpayer to pay a penalty to the United States in an amount not to exceed $25,000 whenever it appears that the taxpayer instituted or maintained a proceeding in the Court primarily for delay or that the taxpayer's position in such a proceeding is frivolous or groundless.

As discussed above, Ms. Latos advances in the instant cases essentially the same arguments with respect to each of her taxable years 1995 through 1998 that she and Mr. Anderson advanced with respect to their taxable years 1995 through 1997 in Anderson v. Commissioner, T.C. Memo. 2003-112. With respect to her taxable year 1995 at issue here, in Anderson v. Commissioner, supra, the Court held that Ms. Latos and Mr. Anderson were precluded under section 6330(c)(2)(B) from challenging the

---

[20](...continued)
[taxpayer] as an employee.'" Id. (citation omitted).

[21]See supra note 13.

underlying tax liability for that year because (1) they received a notice of deficiency for that year and (2) failed to file a petition with the Court with respect to that notice. Nonetheless, Ms. Latos continues to challenge here the underlying tax liability for her taxable year 1995 in the case at docket No. 5829-06L. With respect to her taxable years 1996, 1997, and 1998 at issue here, in Anderson v. Commissioner, supra, the Court reviewed on a de novo basis the underlying tax liability of Ms. Latos and Mr. Anderson for each of their taxable years 1996 and 1997 and held that their arguments with respect to those liabilities were "without substance and constitute nothing more than mere protester type arguments, which are not worthy of further analysis or review." Nonetheless, Ms. Latos continues to advance here essentially the same arguments with respect to her taxable years 1996, 1997, and 1998 that she and Mr. Anderson advanced in Anderson v. Commissioner, supra, with respect to their taxable years 1996 and 1997.[22]

We believe that Ms. Latos instituted and maintained each of the instant cases primarily for delay and that her position with respect to each of her taxable years 1995 through 1998 is frivolous and/or groundless. Although we shall not impose a penalty under section 6673(a)(1) on Ms. Latos in the instant cases, we

---

[22]We found above that Ms. Latos may not challenge the underlying tax liability for each of her taxable years 1996 and 1997.

caution her that she may be subject to such a penalty if in the future she institutes or maintains a proceeding in the Court primarily for delay and/or her position in any such proceeding is frivolous or groundless. See Abrams v. Commissioner, 82 T.C. 403, 409-413 (1984); White v. Commissioner, 72 T.C. 1126, 1135-1136 (1979).

We have considered all of the contentions and arguments of Ms. Latos that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

To reflect the foregoing,

Decision will be entered for respondent in the case at docket No. 16522-02L and an appropriate decision will be entered for respondent in the case at docket No. 5829-06L.