T.C. Memo. 2011-267

UNITED STATES TAX COURT

BENNY NIPPS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28387-09.                    Filed November 10, 2011.

Benny Nipps, pro se.

<u>William F. Castor</u>, for respondent.

MEMORANDUM OPINION

PARIS, <u>Judge</u>:  Respondent determined a deficiency of $13,668

in petitioner's Federal income tax for 2007 and an accuracy-

related penalty under section 6662(a) and (b)(2)[1] of $2,734 for a

_____

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the tax period at issue,
and all Rule references are to the Tax Court Rules of Practice
(continued...)

substantial understatement of income tax.  The issues for decision are:  (1) Whether petitioner's unreported retirement distribution related to an inherited individual retirement account (IRA) is taxable, (2) whether petitioner had taxable Social Security benefits, and (3) whether petitioner is liable for an accuracy-related penalty under section 6662(a).

## Background

This case has been submitted fully stipulated under Rule 122.  The facts and exhibits have been stipulated and are incorporated herein by reference.  At the time the petition was filed, petitioner's mailing address was in Oklahoma.

Petitioner was a beneficiary of the IRA (inherited IRA) of his cousin, Larry G. Harper, which was maintained by Landmark Bank, N.A. (Landmark Bank).  On August 12, 2007, Mr. Harper died.  On November 29, 2007, petitioner opened an IRA account with Landmark Bank to receive the funds from the inherited IRA.  Landmark Bank deposited the funds from the inherited IRA into petitioner's IRA account.

When petitioner received the distribution from the inherited IRA, he also received a document entitled Beneficiary's Distribution Notice and Certification Form and Payment Instruction (beneficiary notice).  The beneficiary notice stated

---

[1](...continued)
and Procedure.

that by signing, petitioner certified that he was aware that distribution was subject to Federal income tax. It also stated that Federal income tax would be withheld by the distributor unless an election was made otherwise.

The bottom portion of the beneficiary notice included a substitute Form W-4P, Withholding Certificate for Pension or Annuity Payments. The substitute Form W-4P indicated that the beneficiary had to: Elect not to have income tax withheld from the IRA distribution, elect to have income tax withheld of 10 percent of the amount distributed, or elect to have a specified amount withheld.[2] Petitioner signed and returned the substitute Form W-4P to Landmark Bank but did not elect any of the choices listed on the substitute Form W-4P.

On November 29, 2007, petitioner opened a certificate of deposit (CD) account at Landmark Bank. Petitioner then requested that Landmark Bank distribute the funds in his IRA, payable on the same day, November 29, 2007. Petitioner received the funds in five separate checks, four[3] of which were for $9,000 each and the fifth of which was for $9,496.50.

---

[2]The substitute Form W-4P differs greatly from the IRS' original form. The original Form W-4P is a four-page document consisting of two pages of instructions and a two-page worksheet to calculate the appropriate withholding amount.

[3]Although the checks from the bank appear to have been issued on Nov. 29, 2007, the checks were not negotiated until Dec. 6, 2007, and Jan. 28, Feb. 5 and 25, 2008.

Petitioner also received Social Security benefits of $42,198 during 2007.

Petitioner timely filed his individual income tax return for the 2007 taxable year. On August 31, 2009, respondent issued a notice of deficiency determining a deficiency in income tax and an accuracy-related penalty under section 6662(a) and (b)(2) for a substantial understatement of income tax. Petitioner timely filed a petition with the Court.

## Discussion

### Unreported IRA Distribution

Gross income includes all income from whatever source derived. Sec. 61(a). Amounts distributed from or paid out of an IRA are generally includable in gross income by the payee or distributee. Sec. 408(d)(1).

However, a distribution is not includable in gross income if the entire amount of the distribution received by an individual is paid into a qualified IRA for the benefit of that individual within 60 days of the distribution. This type of recontribution, known as a "rollover contribution", may occur outside of the 60-day requirement when failure to waive the requirement would be against equity and good conscience. Sec. 408(d)(3)(I).

Rollover contributions from inherited IRAs are specifically excluded from tax-free rollover treatment. Sec. 408(d)(3)(C). An IRA is considered inherited if the individual for whose

benefit the account is maintained acquired that account by reason of the death of another individual who was not the individual's spouse. Sec. 408(d)(3)(C)(ii). However, an individual may still avoid being taxed on the inherited IRA if the funds in the IRA are transferred from one account trustee to another account trustee without the IRA owner or beneficiary ever gaining control of the funds. See Jankelovitz v. Commissioner, T.C. Memo. 2008-285; Crow v. Commissioner, T.C. Memo. 2002-178.

Petitioner inherited funds from a nonspousal IRA, transferred the funds into an IRA, and then withdrew the funds from the IRA on the same day. The Court does not have to determine whether petitioner made a valid trustee-to-trustee transfer of the IRA funds. By withdrawing the funds from his IRA, petitioner is subject to the standard income tax rules for distributions from an IRA. Petitioner must include in income the amount transferred from his Landmark Bank IRA to his checking account at Landmark Bank.

Social Security Benefits

Section 86 requires the inclusion in gross income of up to 85 percent of Social Security benefits received. Social Security benefits are defined to include any amount received by reason of entitlement to a monthly benefit under title II of the Social Security Act. Sec. 86(d)(1)(A). Petitioner's Social Security

benefits are therefore includable in income to the extent provided in section 86.

Accuracy-Related Penalty

Under section 6662(a) and (b)(2), a taxpayer may be liable for a penalty of 20 percent of the portion of an underpayment which is attributable to a substantial understatement of income tax. A substantial understatement of income tax exists for any taxable year if the amount of the understatement exceeds the greater of 10 percent of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1). The Commissioner bears the burden of production with respect to penalties. Sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). Respondent has met his burden as petitioner's understatement exceeds both 10 percent of the tax required to be shown and $5,000.

Section 6664(c)(1) provides that no penalty shall be imposed if there was reasonable cause for the underpayment and the taxpayer acted in good faith. The determination of whether a taxpayer acted with reasonable cause and in good faith depends upon the facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. Circumstances indicating that a taxpayer acted with reasonable cause and good faith include "an honest misunderstanding of fact or law that is reasonable in light of all the facts and circumstances, including the experience, knowledge, and education of the taxpayer." Id.

Petitioner, who lacked knowledge and experience in tax law, reasonably believed that the correct Federal income tax would be withheld by Landmark Bank.  The beneficiary notice stated that Landmark Bank would withhold Federal income tax unless petitioner elected otherwise.  Petitioner did not elect out of this withholding.  He reasonably relied on Landmark Bank's lack of withholding of Federal income tax as basis for his position that the distribution was not taxable.  While petitioner is liable for the tax, as the payor's withholding obligation does not excuse taxpayers from the duty to report and pay the resulting tax, the Court finds that he had a reasonable basis to believe that the correct withholding would occur and that absent that withholding, the amount was not taxable.  See Church v. Commissioner, 810 F.2d 19, 20 (2d Cir. 1987); Chenault v. Commissioner, T.C. Memo. 2011-56.  Accordingly, petitioner is not liable for the section 6662(a) accuracy-related penalty to the extent it is related to the inherited IRA, as he acted in good faith although with a misunderstanding of the law.

In reaching the foregoing holdings, the Court has considered the parties' arguments, and, to the extent not addressed herein, concludes that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered under Rule 155.